### SOUTHLAND GREYHOUND LINES, Inc., v. FRAUSTO et al.

#### No. 1240.

Court of Civil Appeals of Texas. Eastland.
Feb. 23, 1934.

Rehearing Denied March 23, 1934.

Templeton, Brooks, Napier & Brown, C. R. Kennon, and Harper Macfarlane, all of San Antonio, for appellant.

P. H. Long, of San Antonio, for appellees.

HICKMAN, Chief Justice.

The appeal is from a judgment in favor of Frances Longoria Frausto and husband, Pablo Frausto, against Southland Greyhound Lines, Inc., for damages for personal injuries sustained by Mrs. Frausto while she was a passenger traveling from Fort Worth to San Antonio on a bus owned and operated by appellant. When the bus reached a point a few miles south of Austin, a fire broke out in the motor. The fire was extinguished before it reached the part of the bus where the passengers were, and appellee sustained her injuries while endeavoring to leave the bus by being jostled and knocked down by other excited passengers. The allegations of the petition with reference to the negligence of appellant were as follows:

"That heretofore, to-wit, on or about the 20th day of June, A. D. 1931, plaintiff Frances Longoria Frausto was a passenger on one of defendant's buses enroute from Fort Worth, Texas, to San Antonio, Texas, and when said bus reached a point on the Austin Road, about seventy miles from the city of San Antonio in Bexar County, Texas, said bus through some fault of defendant and its employees caught on fire, and by reason of said fire it became necessary for plaintiff and the other passengers, for their own safety, to leave said bus, and while plaintiff was endeavoring to leave said bus, she was pushed from said bus, knocked down, trampled upon and severely bruised and injured by said other passengers who, by reason of said fire in said bus had become greatly excited and were making frantic efforts to leave said bus, and plaintiff was knocked and thrown with great force from said bus to and upon said road, and by reason of the facts hereinbefore alleged, plaintiff was seriously, painfully and permanently injured, as hereinafter alleged; plaintiffs aver that said Frances Longoria Frausto had nothing whatever to do with the control, management or operation of said bus, but that said bus was in the entire control and management of the

defendant and its employees, and plaintiffs do not know and therefore cannot allege what caused said fire on said bus, but aver that in the ordinary course of things said fire would not have occurred, and said passengers would not have become excited and would not have injured plaintiff, if the defendant and its employees in charge of said bus had exercised proper care, which was not done, and plaintiffs cannot more specifically allege the acts of negligence of defendant that caused said fire and caused said passengers to injure said plaintiff than they have done in this petition, but plaintiffs aver that the injuries inflicted on plaintiff Frances Longoria Frausto were directly caused and contributed to by reason of said fire."

The case was submitted to the jury upon special issues. Issue No. 1 was as follows: "On the occasion referred to in the petition, was the fire on the defendant's bus due to negligence on the part of the defendant?" To this issue the jury answered "No." Issue No. 1a was not answered. It submitted the question of whether such negligence was the proximate cause of the injuries, and the jury was instructed to answer same only in the event it answered issue No. 1 in the affirmative. Special issue No. 2 was as follows: "Did the defendant fail to exercise proper care for the safety of Mrs. Frausto after the bus caught fire?" to which the jury answered "Yes." By its answers to special issues 2a and 2b, such failure was found to be negligence proximately causing the injuries, and the judgment rests alone upon this ground of negligence. To guide the jury in its answers to issues 1 and 2, the court gave the following instruction:

"In connection with Questions (1) and (2), you are instructed that it was the duty of the defendant, as a common carrier of passengers for hire, to exercise for the safety of its passengers that high degree of care which a very prudent person, skilled in the business, would exercise under the same or similar circumstances. And a failure on the part of defendant to exercise that degree of care for the safety of its passengers would be negligence.

"You are further instructed that without direct proof of negligence, negligence may be inferred by the jury from circumstances shown by the evidence, if the jury believe the circumstances in evidence warrant such inference. But such inference (if any) would be rebutted if you should believe from the evidence that the accident could not have been averted by the defendant by the utmost care and foresight compatible with carrying on its business; which rebutting evidence need not be of prepondering weight, but would be sufficient if of equal weight with contrary evidence."

To this instruction, as applying to issue No. 2, appellant timely made objection on the ground that the doctrine of res ipsa loquitur does not apply to any negligent acts committed by it after the fire was discovered. There was no objection made to this instruction that same constituted a general charge given in a case submitted upon special issues, and there is no contention that the charge was not correct in so far as same was made applicable to issue No. 1. We therefore do not consider those questions.

Appellee and her witnesses testified to specific acts claimed to constitute negligence on the part of the servants of appellant after the fire under the hood was discovered. These specific acts were: Failure to open the back door of the bus; failure to cut off the gasoline at the emergency valve; failure to bring the bus to a stop more quickly; and bringing same to a stop by the side of a ditch. As to these specific acts of negligence, the jury was instructed "* * * that without direct proof of negligence, negligence may be inferred by the jury from circumstances shown by the evidence. * * *"

It is universally recognized that the burden of proving negligence is on the party alleging it, and that negligence cannot be inferred from the mere fact of injury. In some cases the thing itself affords evidence of negligence, but by this is not meant that the injuries afford such evidence. This doctrine, known as res ipsa loquitur, is quite generally expressed in this language: "Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care." McCray v. Galveston, H. & S. A. Ry. Co., 89 Tex. 168, 34 S. W. 95; St. Louis, S. F. & T. R. Co. v. Cason, 59 Tex. Civ. App. 323, 129 S. W. 394; 45 C. J. 1193.

The specific acts, enumerated above, which form the support of the answer of the jury to special issue No. 2, if it has any support, were open to the observation of appellee and her witnesses, and were certainly as well known to them as to the appellant. They

were distinct acts of negligence, which should have been alleged and proved, unaided by any presumption or inference, and the instruction to the jury that it might infer negligence from the circumstances was clearly prejudicial. Missouri Pacific Ry. Co. v. Hennessey, 75 Tex. 155, 12 S. W. 608; Gulf C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538. The assignments presenting this question are sustained.

■ Appellee points out that the relationship of carrier and passenger existed between the parties at the time the injuries were sustained. That is doubtless correct, but the doctrine of res ipsa loquitur does not originate from the relationship of the parties, but from the nature of the act. McCray v. G., H. & S. A. Ry. Co., supra. The rule has probably been more frequently applied in cases where that relationship exists than in any other, but the very nature of the rule itself prevents its application generally to all cases of negligence on the part of the carrier.

■■ By reference to the pleadings above copied, it is disclosed that no specific acts of negligence were pleaded, and it is presented that we should reverse the judgment of the trial court and here render judgment in appellant's favor, since it was found by the jury that the fire did not originate through its negligence. We shall not discuss this question at length. The case was pleaded and tried upon the theory that negligence of appellant would be inferred under the circumstances, because of the relationship existing between the parties, and we would not render judgment in a case tried upon the wrong theory where it does not clearly appear that no liability exists if tried upon the correct theory. The pleading was bad, but the trial court overruled all special exceptions thereto, and held it sufficient to present the issues submitted. A judgment will not generally be rendered in an appellate court against appellee on the insufficiency of his pleadings when the trial court has held them sufficient and he has not been called upon to amend.

The questions presented challenging the ruling of the court upon appellant's plea in abatement, and upon the admission of certain objectionable testimony, will probably not arise upon another trial, and need not be here discussed.

■ On the issue of unavoidable accident, the burden of proof is on the plaintiff, and, upon another trial the issue submitting that question should be so framed as properly to place that burden. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521; Forth Worth & R. G. Ry. v. Sageser (Tex. Civ. App.) 18 S.W.(2d) 246; Magnolia Coca Cola Bottling Co. v. Jordan (Tex. Civ. App.) 47 S.W.(2d) 901.

■ It is assigned that the court erred in overruling appellant's special exception to appellee's petition complaining of the joinder of Mrs. Frausto as a party plaintiff. The petition began in this language: "Now comes Frances Longoria Frausto, joined by her husband, Pablo Frausto, hereinafter styled plaintiffs." The action was for damages for personal injuries sustained by Mrs. Frausto. This court considered this question in the case of Southern Ice & Utilities Co. v. Richardson, 60 S.W.(2d) 308. We there held that the case of Texas C. Ry. v. Burnett, 61 Tex. 638, reversing the judgment of the trial court on this ground, had been practically overruled as an authority in this state, and refused to reverse the case upon the sole ground that the wife was improperly joined in the suit. A writ of error has been granted in that case, and the question is now pending in the Supreme Court. We are reversing this case on other grounds, and are not called upon to determine whether we would reverse it on this ground alone. We do hold, however, that the better practice would be to sustain such exceptions.

For the reasons assigned, the judgment of the trial court will be reversed, and the cause remanded.