### PENROD DRILLING CO. et al. v. SILVERTOOTH et al.

#### No. 11046.

Court of Civil Appeals of Texas. Galveston.

Oct. 10, 1940.

Rehearing Denied Nov. 7, 1940.

336

McEntire & Shank, Eckford & Mc-Mahon, and James H. Walker, all of Dallas, for appellants.

Jones & Jones and C. A. Brian, both of Marshall, and Smith & West, of Henderson, for appellees.

MONTEITH, Chief Justice.

Mrs. Hazel Silvertooth, individually and as the duly appointed guardian of her eight minor children, brought this action against appellant, Penrod Drilling Company et al., to recover damages alleged to have been sustained as a result of the negligent attempt to dislodge a drill stem in an oil well which caused a derrick to fall on Floyd C. Silvertooth, husband and father of appellees, which resulted in his death. The appellants, defendants in the trial court, were O. C. Zoller and Penrod Drilling Company, a partnership composed of Hassie Hunt, Nelson Bunker Hunt Trust Estate, William Herbert Hunt Trust Estate, Lamar Hunt Trust Estate, all of whom were made parties defendant, H. L. Hunt, individually and as trustee of said trust estates, and Mrs. Margaret Hunt Hill and her husband, A. G. Hill. Later H. L. Hunt individually was dismissed from the action and Mrs. S. A. Silvertooth, mother of deceased, Floyd C. Silvertooth, and Hartford Accident & Indemnity Company, were made parties defendant. Both subsequently filed cross-actions herein.

Appellees alleged that O. C. Zoller, acting jointly with the employees of the Penrod Drilling Company, had negligently caused a defective derrick to be erected and negligently carried on the work of drilling an oil well therewith; that by reason of their joint negligence the derrick was caused or permitted to fall on Floyd C. Silvertooth, inflicting fatal injuries upon him. They pled the doctrine of res ipsa loquitur and in the alternative alleged specific acts of negligence.

In answer to special issues submitted by the court a jury found in answer to special issue No. 1 that the derrick in question was pulled over. In answer to special issues Nos. 2 and 3, it found that such action in pulling the derrick over was negligence, and that such negligence was the proximate cause of the fatal injuries to Floyd C. Silvertooth. In answer to special issue No. 4, as to whether the derrick or its foundation was not properly constructed, the jury answered "no", which made it unnecessary to answer the following special issues Nos. 5, 6, 7 and 8 inquiring as to the negligence of the Penrod Drilling Company in such alleged improper construction. In answer to special issue No. 9 it was found that the death of Floyd C. Silvertooth was not the result of an unavoidable accident, and in answer to special issue No. 10, the jury apportioned the damages awarded among the widow, the eight children, and the mother of Floyd C. Silvertooth. The court rendered judgment in accordance with the verdict of the jury, subtracting, however, from the $4,000 awarded Mrs. Hazel Silvertooth the sum of $2,980.56 and awarding that sum to Hartford Accident & Indemnity Company. It further subtracted from the amount awarded to the minor children the sum of $450 and awarded that sum to Hartford Accident & Indemnity Company for compensation paid and assumed to be paid by them.

Each of appellants moved the court for an instructed verdict in their favor and for judgment in their favor notwithstanding the verdict. They assign error in the action of the court in overruling these motions.

The record shows that Floyd C. Silvertooth, a man of 35 years of age, was killed when an oil well drilling derrick fell on him on April 21, 1938, in Rusk County, Texas. At the time of his death he was an employee of the Hunt Oil Company. Hartford Accident & Indemnity Company carried compensation insurance on the employees of the Hunt Oil Company, and after Mr. Silvertooth's death acknowledged liability and paid Mrs. Hazel Silvertooth $60 in $10 weekly payments for six weeks. It then settled with her for the lump sum of $2,920.56. Payment to the eight minor children of $10 a week continued up to the date of the trial. Thereafter Mrs. Hazel Silvertooth, suing for herself and as guardian of her eight minor children, brought this action.

At the time of the accident Penrod Drilling Company was engaged in drilling well No. 6 on the Hunt Oil Company's Thompson lease in Rusk County, Texas, under a written contract with the Hunt Oil Company, the material parts of which provided: "We, (Penrod Drilling Company), agree to drill and complete this well, furnishing at our expense and risk all labor, drilling tools and supplies, equipment and appliances necessary for its skillful drilling and completion * * *."

Prior to said accident said well had been drilled to an approximate depth of 3,100 feet. On the night of April 21, 1938, the drill stem became stuck in the well and efforts were made by the drilling crew of Penrod Drilling Company to dislodge it. These efforts were unsuccessful and appellant, O. C. Zoller, production superintendent of the Hunt Oil Company, was notified. He instructed Floyd C. Silvertooth to take a truck load of pipe to the well and went to the drilling site himself to assist the employees of Penrod Drilling Company in removing said drill stem. On the second pull in an effort to remove said drill stem after he arrived, the derrick fell to the ground in a northeasterly direction over the side of the derrick on which the draw works were located. The leg of the derrick on the side toward which the derrick fell was slightly bent and the legs of the derrick on the opposite side from which it fell were pulled loose from their foundations. After the derrick fell a transit was run on the four corners of the foundation. The foundation under the northeast corner of the derrick was found to be three-eighths of an inch lower than the foundations on which the other three legs stood. The jury found on sufficient evidence that said derrick and its foundation had been properly constructed.

Appellants contend that under the record in this case appellees must recover, if at all, under the doctrine of res ipsa loquitur and that this doctrine is not available to them, for the alleged reasons that said derrick was not in the exclusive control of Penrod Drilling Company at the time of said accident; that the evidence left the cause of the accident open to speculation; that appellants had proved a very probable cause of the fall, the low corner of the derrick, for which Penrod Drilling Company was not responsible; and that the evidence showed that Penrod Drilling Company was using the usual and customary methods and tools and was performing the labor in which they were engaged in the usual and customary manner. This contention cannot be sustained.

In order to invoke the principle of doctrine of res ipsa loquitur, the particular thing causing an injury complained of must be shown to be under the management of the defendant or its servants and the accident be shown to be such as in the ordinary course of things does not happen if those who have the management or control use proper care. In a proper case for the application of the rule where the physical facts involved in an accident are of such a character as to compel an inference that it resulted from negligence, such facts are themselves evidence of negligence, and it is incumbent upon the defendant, if he wishes to avoid the effect of the doctrine, to introduce evidence to explain, rebut or otherwise overcome the presumption or inference that the injury complained of was due to negligence. Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659; Texas & N. O. R. R. Co. v. Schreiber, Tex.Civ.App., 104 S.W.2d 929; Southland Greyhound Lines, Inc. v. Frausto et al., Tex.Civ.App., 69 S. W.2d 497; 45 Corpus Juris, 1219.

In the instant case, the evidence shows that at the time of said accident Penrod Drilling Company had taken control of the drilling operations on said well as an independent contractor, under a written contract under which it was obligated to drill said well, and that its employees were conducting said drilling operations. The jury found, on sufficient evidence, that said derrick was pulled over; that the action in pulling it over was negligence, and that such negligence was a proximate cause of the fatal injuries to Floyd C. Silvertooth, and that said derrick and its foundations had been properly constructed. The jury further found that the death of Floyd C. Silvertooth was not the result of an unavoidable accident.

While appellant, O. C. Zoller, undertook to assist the employees of Penrod Drilling Company in their efforts to loosen said drill stem, there is no showing that he was an employee of the Penrod Drilling Company or that he was authorized to take charge of said operations or that its employees were permitted or authorized to take orders or instructions from him. Certainly his act in volunteering his services and advice in releasing said drill stem would not per se constitute him its agent

or employee, nor would his actions bind said partnership.

The evidence adduced, supported by a finding by the jury, eliminated two of the three possible causes of the fall of said derrick, namely, the questions as to whether the derrick itself or its foundation were properly constructed, leaving the single cause of excessive strain, which was found in favor of appellees by the jury on sufficient evidence.

Penrod Drilling Company having taken possession and control of the drilling operations, and the evidence having conclusively shown that they were performing the work at the time of said accident, the court was amply justified in rendering judgment against Penrod Drilling Company and the parties who composed such partnership.

As to appellants' contention that there was no testimony nor was there a finding as to any act of negligence on the part of appellant O. C. Zoller, the record shows that he was not an employee of Penrod Drilling Company. It is not shown that his advice or assistance was requested or that he was authorized to give advice or instructions to the employees of Penrod Drilling Company. It follows that, in assuming to give aid to Penrod Drilling Company and its employees, he became a volunteer assistant in the work in which the Penrod Drilling Company was engaged. Under above facts and in the absence of a finding by the jury as to any act of negligence on the part of O. C. Zoller which would or did proximately cause the death of Floyd C. Silvertooth, we think that the court erred in overruling and not sustaining the motion for an instructed verdict in his favor.

Appellants assign error in the action of the court in overruling and not sustaining motions for an instructed verdict and for judgment non obstante veredicto in favor of appellants, Nelson Bunker Hunt Trust Estate, William Herbert Hunt Trust Estate, Lamar Hunt Trust Estate, and H. L. Hunt, trustee of said estates, for the alleged reason that the evidence showed that, at the time of said accident on April 21, 1938, the partnership of Penrod Drilling Company was composed of Margaret Hunt and Hassie Hunt, and that at such time none of such trust estates were members of said partnership.

The record shows that at the time of said accident, the partnership of Penrod Drilling Company was composed of Margaret Hunt, who owned 40 per cent of the physical assets of said partnership, and Hassie Hunt, who owned 60 per cent thereof. On October 12, 1938, the partnership was dissolved and on October 13, 1938, Margaret Hunt sold all of her interest in the partnership to said three trust estates, one-third to each, for the sum of $55,500. Each of the conveyances to said trust estates recited that the trust estates took the property and property rights conveyed "subject to but not assuming all legal and outstanding incumbrances and contracts." Prior to the filing of this action, Hassie Hunt formed a new partnership, continuing the name "Penrod Drilling Company", composed of himself and said three trust estates, appellants· herein.

While the record shows that the new partners of Penrod Drilling Company, said three trust estates, did not assume the existing liabilities against said partnership, in the absence of an agreement to do so, the law is well settled that an incoming partner takes only a partnership interest in the partnership property subject to trusts, equities, charges and liens existing against it. Reese v. Carey Bros., Tex. Civ.App., 286 S.W. 307; Freeman v. Huttig Sash & Door Co., 105 Tex. 560, 153 S.W. 122, Ann.Cas. 1916E, 446; 32 Tex. Jur. 467; 47 Corpus Juris 1029.

Under the above authorities, appellant trust estates are, we think, proper parties to this action, since they are shown to hold the physical assets acquired under said conveyances. However, they would not be personally liable in this suit for an amount over and above the value of the physical properties so acquired.

It follows from these conclusions that the judgment of the trial court should be reformed so that it may provide that appellees shall have and recover of and from appellants, Nelson Bunker Hunt Trust Estate, William Herbert Hunt Trust Estate, and Lamar Hunt Trust Estate, no personal judgment over and above an amount which may be derived out of and from the assets of said trust estates which were acquired from Margaret Hunt, and that as thus reformed the judgment of the trial court should be in all respects affirmed, with the exception of that portion thereof which was rendered in favor of appellees against appellant, O. C. Zoller. The judgment of the trial court in that respect is reversed

and here rendered that appellees take nothing against appellant, O. C. Zoller. It is accordingly so ordered.

Reversed and rendered in part, and in part reformed and affirmed.