Jeannette SIMKINS & Ivan
Simkins, Appellants,

v.

OUTDOOR RESORTS SOUTH PADRE
ISLAND, Appellee.

No. 13–84–076–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 4, 1984.

Rehearing Denied Nov. 1, 1984.

Lee Arnett, Brownsville, for appellants.

Roger W. Hughes, Jim Denison, Harlingen, for appellee.

Before NYE, C.J., and GONZALEZ and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from the granting of a take nothing judgment. Appellants (trial plaintiffs) brought a personal injury suit against appellee as a joint venture for negligence in the ownership or operation of premises. Appellee filed a general denial and a motion for summary judgment. The trial court found that there exists no genuine issue of any material fact and held that appellee was entitled to a summary judgment as a matter of law. We reverse.

In three interrelated points of error, appellants attack the trial court's granting of a summary judgment because: 1) appellee failed to establish as a matter of law that it was a new joint venture and not responsible for appellant Jeannette Simkins' damages; and 2) appellants' act of referring to appellee as Outdoor Resorts South Padre Island instead of Outdoor Resorts/South Padre was a misnomer and waived by appellee's failure to file a plea in abatement.

In reviewing the granting of a summary judgment, we examine the record to see whether the evidence establishes as a

matter of law the movant's right to judgment on the grounds set forth in its motion. *Spellings v. Lawyers Title Insurance Corporation,* 644 S.W.2d 804 (Tex. App.—Corpus Christi 1982, writ ref'd n.r. e.); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176 (Tex.1972).

■ Appellee's contention that service was not properly obtained upon appellee is without merit. Appellee filed an answer, a first supplemental answer, a motion for summary judgment, and various other documents. Appellee did not file a plea in abatement. We hold that any error occasioned by appellants' service of process on appellee was cured by appellee's general appearance before the trial court. *H.L. McRae Company v. Hooker Construction Company,* 579 S.W.2d 62 (Tex.Civ.App.—Austin 1979, no writ); *Holland Page, Inc. v. Capitol Truck and Trailer Co., Inc.,* 518 S.W.2d 441 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.).

■ Appellee asserts that it cannot be liable in suit brought against Outdoor Resorts South Padre Island since its name is Outdoor Resorts/South Padre. The record shows that both appellee's answer and first supplemental answer at trial were filed by appellee as Outdoor Resorts South Padre Island. Appellee, through its own actions, was estopped from complaining of any alleged misnomer by appellants in their pleadings. *Haley v. Young,* 541 S.W.2d 217 (Tex.Civ.App.—Houston 1976, no writ); *see Huber v. Buder,* 434 S.W.2d 177 (Tex. Civ.App.—Ft. Worth 1968, writ ref'd n.r.e.).

The remaining contention presented by appellee to the trial court, to support the granting of a summary judgment, is that appellee cannot be held liable for the injuries sustained by appellant Jeannette Simkins because it did not exist as an entity at the time of the accident. We examine this contention, viewing the evidence in a light favorable to the nonmovant.

Appellant Jeannette Simkins, by deposition, testified that she and her husband signed a contract to purchase a lot on February 1, 1978. The contract named Ivan J. Simkins and/or Jeannette Simkins as purchasers and Outdoor Resorts/South Padre Island, Inc., as owner. Under the terms of the contract, owner agreed to sell to purchaser:

Lot No. 208 in that certain Condominium to be nown as Outdoor Resorts at South Padre Island, as shown by a plat of said Condominium which has been recorded in the Condominium Records in the Office of the County Court Clerk in and for Cameron County, Texas in Volume 6, Pages 645–700, together with an undivided interest in and to as well as the right of use, the common use elements of said Condominium.

The contract also provided that:

(6) The lot which is the subject matter of this contract is restricted to use as a parking place for recreational vehicle units, and as indicated aforesaid, entitles the Purchaser to membership in a condominium association, thereby participating in the ownership of certain common use properties, including, but not limited to, swimming pools, bath houses, tennis courts, shuffleboard courts and other recreational facilities, all as described in the Declaration of Condominium. *The Owner shall also own a proportionate undivided interest in certain common elements,* including a water distribution system, sewerage collection system, electrical distribution system and *streets and pathways within the condominium property.* The actual cost of operation of the condominium association, such as garbage collection, payment of utilities and insurance and general maintenance are included in the expenses for which right of assessment or granted to the condominium association against each lot owner.

According to Jeannette Simkins, on November 19, 1978, she and her husband were walking around within the development when the ground gave way beneath her, causing her to fall and injure herself. At the time of the fall, she was walking in the vicinity of Lots 161 and 162 of the development.

Attached to appellee's motion for summary judgment was an affidavit of Joe G. Sanders which states: 1) that he is the

president of Fiesta Harbor, Inc.; 2) that Fiesta Harbor, Inc. and Outdoor Resorts of Texas, Inc. entered into a joint venture on October 22, 1980, by written agreement; and 3) the name of the joint venture is "Outdoor Resorts/South Padre."

Also attached to this motion was an affidavit of Randall Henderson which states: 1) he is the president of "Outdoor Resorts of Texas, Inc."; and 2) on October 22, 1980, by written agreement, Outdoor Resorts of Texas, Inc. and Fiesta Harbor, Inc. entered into a joint venture by the name of "Outdoor Resorts/South Padre."

Attached to appellants' reply motion for summary judgment was a deposition of Howard Lombard. Lombard testified that: 1) he was employed by Outdoor Resorts/South Padre; 2) on November 19, 1978, Outdoor Resorts of Texas, Inc. and Tierra Libre, Inc. were joint ventures in Outdoor Resorts/South Padre; and 3) Fiesta Harbor, Inc. purchased Tierra Libre's interest in the joint venture.

■■■ There is little room for doubt that Outdoor Resorts of Texas, Inc., as joint venturer in Outdoor Resorts/South Padre at the time of the accident, was subject to a negligence cause of action by appellants. *See Woolard v. Mobil Pipe Line Co.,* 479 F.2d 557 (5th Cir.1973), Rehearing denied 480 F.2d 925, *cert. denied, Mobil Oil Corp. v. Woolard,* 414 U.S. 1025, 94 S.Ct. 450, 38 L.Ed.2d 316 (1973). To allow Outdoor Resorts to escape potential liability through a simple restructuring of its business would frustrate the very principles of tort law. Fiesta Harbor, Inc., however, came into the joint venture known as Outdoor Resorts/South Padre subsequent to the date of the accident. In examining Fiesta Harbor's potential liability, we are guided by the fact that the rights, duties and liabilities of joint adventurers are generally governed by the rules applicable to partnerships. *Hackney v. Johnson,* 601 S.W.2d 523 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.); *Weatherford v. Lee,* 364 S.W.2d 730 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.); *see Tex-Co Grain Company v. Happy Wheat Growers, Inc.,* 542 S.W.2d 934 (Tex.Civ.App.—Amarillo 1976, no writ).

Parties admitted as partners into existing partnerships are bound by all partnership obligations then outstanding, the same as though they had been partners when such obligations were initially incurred, except that their liabilities as to unpaid obligations existing at the time of their admission could only be satisfied out of partnership property. *Miller v. Doughty,* 520 S.W.2d 586 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Penrod Drilling Co. v. Silvertooth,* 144 S.W.2d 335 (Tex.Civ.App.—Galveston 1940, writ dism'd judgment cor.).

Appellee has not established as a matter of law that it is not potentially liable to appellants in their cause of action. Appellants' first three points of error are sustained.

By cross-point, appellee contends that the trial court erred in overruling its objection that the use of the term "purchase" in Howard Lombard's deposition amounted to a legal conclusion and was therefore inadmissible. Even if the statement by Lombard was excluded, appellee has failed to establish, as a matter of law, appellant's lack a continuing cause of action against it originating on the date of the accident. Appellee's cross-point of error is overruled.

The judgment of the trial court is REVERSED and the cause REMANDED for a trial on the merits.