Opinion issued on July 18, 2002




 











In The

Court of Appeals

For The

First District of Texas






NO. 01-00-00475-CV






CHARLES BEN HOWELL, INDIVIDUALLY AND AS ADMINISTRATOR OF
THE ESTATE OF FREDERICK LANE HOWELL, DECEASED, AND ON
BEHALF OF TED R. HOWELL, DECEASED, AND J. MAXINE LARSON,
Appellants


V.


HILTON HOTELS CORPORATION AND STANLEY WADSWORTH, Appellees






On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause No. 62168A







OPINION ON MOTION FOR REHEARING

 We deny appellants' motion for rehearing, withdraw our opinion dated July 5,
2001, and substitute this opinion in its stead.

 Appellants, Charles Ben Howell, individually, and as administrator of the
estate of Frederick Lane Howell, deceased, and on behalf of Ted R. Howell, deceased,
and J. Maxine Larson (collectively Plaintiffs) brought suit against Hilton Hotels
Corporation (Hilton) and Stanley Wadsworth for the death of Frederick Howell. In
eight points of error, Plaintiffs challenge a summary judgment rendered in favor of
Hilton and Wadsworth. We affirm in part and reverse and remand in part.

BACKGROUND FACTS AND PROCEDURAL HISTORY


 Frederick Howell, a Texas resident, died on September 15, 1986, in Durango,
Colorado. He and his fellow employees went to Colorado on a business trip
sponsored by their employer. On September 12, 1986, Howell and several co-workers took a sightseeing excursion on a bus provided by Tamarron Resort. During
the excursion, the bus was struck by a runaway tractor trailer. Howell died three days
later as a result of injuries he sustained in the accident.

 On September 8, 1988, Frederick Howell's brothers, Charles Ben Howell and
Ted Howell filed suit against Tamarron, Inc., owner of the resort, and R & D Harris
Transportation, Inc., owner of the tractor-trailer. Eight and one-half years later, in
April 1997, Plaintiffs filed their first amended petition which added J. Maxine
Larson, "devoted companion of Frederick Howell," as a plaintiff and added Hilton
as a defendant. Plaintiffs' first amended petition also named Golf Host Resorts, Inc.
(Golf Host), the corporate successor of Tamarron, Inc., as a defendant. (1) 

 In February 1998, Plaintiffs filed their second amended petition, which added
Stanley Wadsworth, a shareholder and officer of the corporate resort owner, as a
defendant. Plaintiffs' third amended petition, filed August 12, 1999, added two
additional defendants, Brent Wadsworth and C. James McCormick, who along with
Stanley Wadsworth, were the majority shareholders of Tamarron, Inc. and its
corporate successor.

 Plaintiffs' third amended petition can be read to assert causes of action against
Hilton based on negligence and breach of warranty. (2) In their third amended petition,
Plaintiffs seek to hold Hilton liable based on a management agreement entered into
by Hilton and Golf Host in November 1995 relating to Tamarron Resort. Plaintiffs
contend that the management agreement was actually a partnership agreement
between Hilton and Golf Host. 

 With regard to Stanley Wadsworth, Plaintiffs allege claims of negligence and
breach of warranty. Plaintiffs assert that Wadsworth is individually liable because
the corporate resort owner was his alter ego. Plaintiffs also allege that in 1998,
Wadsworth and the other two majority shareholders of Golf Host sold their stock to
Starwood Capital. As part of this transaction, Plaintiffs state that Wadsworth agreed
in writing to indemnify Starwood Capital for any liability it had to Plaintiffs relating
to this case. Plaintiffs assert that they are entitled to judgment against Wadsworth
based on the indemnity agreement.

 Hilton and Wadsworth filed a motion for summary judgment and an amended
motion for summary judgment. In the amended motion for summary judgment,
Hilton alleges that: (1) it is not liable as a partner of Golf Host; (2) even assuming
that there was such a partnership agreement, Hilton would not be liable for any
partnership responsibilities that arose before Hilton entered into the partnership; (3)
Plaintiffs' survival claims and breach of warranty claims are barred by the respective
statutes of limitations; and (4) no evidence exists as to one or more elements of
Plaintiffs' claims. In addition to asserting the third and fourth grounds asserted by
Hilton, Wadsworth also moved for summary judgment on the basis that the corporate
resort owner at the time of the accident--Tamarron, Inc.--was not his alter ego. 
Plaintiffs filed a response to the motion for summary judgment, but did not file a
separate response to the amended motion for summary judgment. 

 Without stating the basis, the trial court granted Hilton's and Wadsworth's
motions for summary judgment. Plaintiffs' claims against Hilton and Wadsworth
were severed, which rendered the summary judgment final for purposes of this
appeal. 

STANDARD OF REVIEW


 In this case, Hilton and Wadsworth sought both a no-evidence and traditional
summary judgment.

A. No-Evidence Summary Judgment

 In a no-evidence motion for summary judgment, the movant must specifically
state the elements as to which there is no evidence. Tex. R. Civ. P. 166a(i). The
burden then shifts to the nonmovant to produce evidence that raises a fact issue on
the challenged elements. Id. When reviewing the grant of a no-evidence summary
judgment, we assume all evidence favorable to the nonmovant is true and indulge
every reasonable inference and resolve all doubts in favor of the nonmovant. 
Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.--Houston [1st Dist.] 1999, no pet.) (involving rule 166a(i) motion). 
A no-evidence summary judgment is improperly granted if the nonmovant brings
forth more than a scintilla of evidence to raise a genuine issue of material fact. Tex.
R. Civ. P. 166a(i).

B. Traditional Summary Judgment

 A traditional summary judgment brought pursuant to Texas Rule of Civil
Procedure 166a(c) is proper only when the movant establishes that there is no genuine
issue of material fact and that the movant is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644
(Tex. 1995). In reviewing a summary judgment, we must indulge every reasonable
inference in favor of the nonmovant and resolve any doubts in his favor. Johnson,
891 S.W.2d at 644; Lawson v. B Four Corp., 888 S.W.2d 31, 33 (Tex.
App.--Houston [1st Dist] 1994, writ denied). We will take all evidence favorable to
the nonmovant as true. Johnson, 891 S.W.2d at 644; Lawson, 888 S.W.2d at 33. As
movant, the defendant is entitled to summary judgment if the evidence disproves, as
a matter of law, at least one element of each of the plaintiff's causes of action or
conclusively establishes each element of an affirmative defense. Friendswood Dev.
Co. v. McDade & Co., 926 S.W.2d 280, 282 (Tex. 1996).

 When a trial court does not state the basis for its decision in its summary
judgment order, as in this case, we must uphold the order if any of the theories
advanced in the motion is meritorious. Rogers v. Ricane Enters., Inc., 772 S.W.2d
76, 79 (Tex. 1989).

DISCUSSION


A. Claims Against Hilton

 In issue four, Plaintiffs assert that the trial court erred to the extent it granted
summary judgment in favor of Hilton on the basis that Hilton cannot be liable for
partnership obligations that arose before it became Golf Host's partner. 

 It is undisputed that Frederick Howell died in 1986 and that Hilton and the
corporate resort owner--Tamarron, Inc.--were not partners at that time. However,
the parties dispute whether Hilton and Golf Host became partners in 1995 when they
signed the management agreement. (3)

 Hilton argues that, even if it entered into a partnership with Golf Host in 1995,
its liability is precluded by article 6132b-3.07 of the Texas Revised Partnership Act
(TRPA) (4), which provides: 

 A person admitted as a partner into an existing partnership does not have
personal liability . . . for an obligation of the partnership that:


 (1) arose before the partner's admission to the partnership;


 (2) relates to an action taken or omissions occurring before
the partner's admission to the partnership; or


 (3) arises before or after the partner's admission under a
contract or commitment entered into before the partner's
admission to the partnership.

Tex. Rev. Civ. Stat. Ann. art. 6132b-3.07 (Vernon Supp. 2001). Plaintiffs admit
that Hilton may not have "personal liability"; however, they assert they can recover
money that Hilton advanced to the partnership as well as profits received by Hilton
from the operation of Tamarron Resort. Plaintiffs argue that such funds constitute
"partnership property." In their appellate brief, Plaintiffs contend: "Although the
statute prevents a general judgment or personal judgment against Hilton, it does not
prevent Plaintiffs from suing for and recovering advances and profits, paid or payable
to Hilton." In support of this contention, Plaintiffs rely on the 1993 Comment of Bar
Committee to article 6132b-3.07, which states:

 Although the language of this section is significantly different from that
of TUPA [Texas Uniform Partnership Act] § 17, the result is not
significantly different. This section continues the rule that a new partner
has no personal liability for obligations of the partnership that arose
before the partner's admission to the partnership or relate to actions
taken or commitments entered into before the partner's admission to the
partnership. . . . TUPA § 17 purported to make the new partner liable,
but limited the new partner's liability to partnership property. This
section reaches the same result in a more direct manner. 


Tex. Rev. Civ. Stat. Ann. art. 6132b-3.07 (Comment of Bar Committee) (emphasis
added); see also Simkins v. Outdoor Resorts S. Padre Island, 684 S.W.2d 754, 756
(Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.) ("Parties admitted as partners into
existing partnerships are bound by all partnership obligations then outstanding, the
same as though they had been partners when such obligations were initially incurred,
except that their liabilities as to unpaid obligations existing at the time of their
admission could only be satisfied out of partnership property."); accord Penrod
Drilling Co. v. Silvertooth, 144 S.W.2d 335, 338 (Tex. Civ. App.--Galveston
1940, writ dism'd judgment cor.). 

 Plaintiffs also assert that, because Hilton offered no summary judgment
evidence to refute them, the following assertions pled in their third amended petition
must be taken as true: (1) Hilton advanced over $1 million to the partnership "in
exchange for the right to share in profits for up to 20 years," and (2) "Hilton is liable
to account to Plaintiffs for the profits from Tamarron Hilton Resort." However, even
taking these allegations as true, Hilton is not liable to Plaintiffs as a partner. Any
funds due Hilton that it advanced to the alleged partnership or that were paid to
Hilton as profits, would be Hilton's property and not partnership property. See Tex.
Rev. Civ. Stat. Ann. art. 6132b-2.05 (Vernon Supp. 2001) (defining what is
considered "partnership property").

 We hold that Hilton cannot be held personally liable for Plaintiffs' claims, as
a matter of law, because (1) the claims arose nine years before Hilton executed the
alleged partnership agreement with Golf Host, and (2) Hilton does not possess
partnership property. See Tex. Rev. Civ. Stat. Ann. art. 6132b-3.07. Summary
judgment on this basis was properly granted. 

 We overrule issue four.

B. Claims Against Wadsworth

 1. Alter Ego

 In issue five, Plaintiffs contend that the trial court erred by granting the
summary judgment on their claim that Wadsworth is liable because Tamarron, Inc.
was his "alter ego."

 Texas case law and various statutory provisions allow piercing the veil of a
corporation or provide other avenues for shareholders or others to be held liable for
actions of the corporation. See, e.g., Tex. Bus. Corp. Act Ann. art. 2.21 (Vernon
Supp. 2001); Castleberry v. Branscum, 721 S.W.2d 270, 272 (Tex. 1986). (5) Alter ego
is a basis for disregarding the corporate fiction "where a corporation is organized and
operated as a mere tool or business conduit of another . . . ." Castleberry, 721 S.W.2d
at 272. It "applies when there is such unity between corporation and individual that
the separateness of the corporation has ceased and holding only the corporation liable
would result in injustice." Id., (citing First Nat'l Bank in Canyon v. Gamble, 132
S.W.2d 100, 103 (Tex. 1939)). Alter ego "is shown from the total dealings of the
corporation and the individual, including the degree to which . . . corporate and
individual property have been kept separately, the amount of financial interest,
ownership and control the individual maintains over the corporation, and whether the
corporation has been used for personal purposes." Id.; Hall v. Timmons, 987 S.W.2d
248, 250 (Tex. App.--Beaumont 1999, no pet.). 

 In their third amended petition, Plaintiffs allege that Tamarron, Inc. was the
alter ego of Wadsworth and the two other majority shareholders because the
shareholders failed to follow various corporate formalities or provide adequate
capitalization and insurance for the corporation. We recognize that whether a
corporate fiction should be disregarded is a question of fact which, except in "very
special circumstances," should be determined by the jury. Castleberry, 721 S.W.2d
at 277; Coleman Cattle Co. v. Carpentier, 10 S.W.3d 430, 435 (Tex.
App.--Beaumont 2000, no pet.).

 In his motion for summary judgment, Wadsworth argues that failure to follow
corporate formalities is no longer a basis for alter ego liability. We agree. Under
Business Corporation Act article 2.21, observance of corporate formalities is no
longer a factor that can be considered in determining alter ego. (6) Tex. Bus. Corp.
Act Ann. art. 2.21 § A(3); see Aluminum Chemicals (Bolivia), Inc. v. Bechtel Corp.,
28 S.W.3d 64, 67 n.3 (Tex. App.--Texarkana 2000, no pet.) (recognizing that failure
to observe corporate formalities is no longer a factor in proving alter ego).

 The only remaining factor alleged in support of Plaintiffs' alter ego theory is
that the corporation was inadequately funded and insured. Inadequate capitalization 
is a basis for disregarding the corporate fiction. Castleberry, 721 S.W.2d at 272 n.
3; Hall v. Timmons, 987 S.W.2d 248, 253 (Tex. App.--Beaumont 1999, no pet.). 

 After adequate time for discovery and without presenting summary judgment
evidence, a party is permitted by rule of civil procedure 166a(i) to move for summary
judgment on the ground that no evidence supports one or more essential specified
elements of an adverse party's claim or defense on which the an adverse party would
have the burden of proof at trial. Tex. R. Civ. P. 166a(i). Although he was not
required by Rule 166a(i) to submit any evidence, Wadsworth detailed the summary
judgment evidence on which he relied, including Plaintiffs' third amended petition,
his affidavit, and deposition. Wadsworth also alleged that no evidence existed to
show that the corporation was inadequately capitalized. (7) We find that this complies
with Rule 166a(i)'s requirement to specifically challenge the evidentiary support for
an element of Plaintiffs' alter ego claim. Therefore, the burden shifted to Plaintiffs
to produce summary judgment evidence raising a genuine issue of material fact. See
Id.; Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 71 (Tex. App.--Austin 1998, no
pet.); see also Judge David Hittner & Lynne Liberato, Summary Judgments in Texas,
34 Hous. L. Rev. 1303, 1356 (1998) (stating mere filing of motion shifts burden to
respondent to come forward with enough evidence to take case to jury).

 The Supreme Court's comment to Rule 166a(i) provides that "[t]o defeat a
motion made under paragraph (i), the respondent is not required to marshal its proof; 
its response need only point out evidence that raises a fact issue on the challenged
elements." (8) Tex. R. Civ. P. 166a(i) cmt; Saenz v. Southern Union Gas Co., 999
S.W.2d 490, 494 (Tex. App.--El Paso 1999, pet. denied) ("A party is not required to
present or arrange all of its evidence in response to a summary judgment motion.") 
However, Rule 166a(i) explicitly provides that in response to a no-evidence summary
judgment motion, the respondent must present some summary judgment evidence
raising a genuine issue of material fact on the element attacked, or the motion must
be granted. Tex. R. Civ. P. 166a(i). The record reflects that, in response to the
motion for summary judgment, Plaintiffs presented no summary judgment evidence
to show that Tamarron, Inc. was inadequately capitalized.

 We conclude that Plaintiffs failed to carry their burden to produce evidence in
support of their alter ego theory. Accordingly, the trial court did not err in granting
the no-evidence summary judgment as to Plaintiffs' claims against Wadsworth
predicated on Tamarron, Inc. being his alter ego. 

 We overrule issue five.

 2. Indemnity Claim

 In issue one, Plaintiffs contend that the trial court erred in granting summary
judgment in favor of Wadsworth on their claims based on the indemnity agreement
between Wadsworth and Starwood Capital. We agree.

 A motion for summary judgment must stand or fall on the grounds expressly
presented in the motion. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex.
1996). We are restricted to reviewing the propriety of the granting of a summary
judgment on the basis of the grounds actually asserted in the motion for summary
judgment. Home Indem. Co. v. Pate, 814 S.W.2d 497, 500 (Tex. App.--Houston [1st
Dist.] 1991, writ denied). It is reversible error to grant a motion for summary
judgment on a cause of action not addressed in the motion for summary judgment. 
Chesser v. Southwestern Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983); Smith v.
Atlantic Richfield Co., 927 S.W.2d 85, 88 (Tex. App.--Houston [1st Dist.] 1996, writ
denied). Because Plaintiffs' claims against Wadsworth based on the indemnity
agreement were not addressed in the motion for summary judgment, summary
judgment cannot be sustained on that cause of action. 

 We sustain Plaintiffs' issue one.

 Because of our disposition of issues one, four, and five, we need not address
Plaintiffs' remaining issues. 

CONCLUSION


 We reverse the summary judgment in favor of Stanley Wadsworth as to the
Plaintiffs' claims based on the indemnity agreement and remand to the trial court. We
affirm the summary judgment in favor of Wadsworth as to Plaintiffs' remaining
claims against him. We affirm the summary judgment rendered in favor of Hilton
Hotels Corporation. 

 All outstanding motions are denied.





 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Jennings, and Duggan. (9)


Publish. Tex. R. App. P. 47.4.
1. In March 1987, Tamarron, Inc. underwent a name change to "
Golf Host
Resorts, Inc." 
2. Because this appeal involves only defendants Hilton and Stanley Wadsworth,
we focus on Plaintiffs' claims against them. 
3. In issue four, Plaintiffs also contend that the trial court erred to the extent it
granted summary judgment on the basis that Hilton and Golf Hosts were not
partners. However, because of our disposition of this issue, we need not
discuss that contention.
4. The Texas Revised Partnership Act, Tex. Rev. Civ. Stat. Ann. art.
6132b-1.01 to -11.04, applies to partnerships formed on or after January 1,
1994 and to those partnerships formed before that date that elect to be
governed by the new act. Id. art. 6132b-11.03(a)(1). Because Plaintiffs allege
that the partnership between Hilton and Golf Host was formed in 1995, the
TRPA would apply. 
5. As discussed below, Castleberry was overruled by Business Corporation Act
article 2.21 § A(3) to the extent that failure to observe corporate formalities is
no longer a factor in proving alter ego.
6. Business Corporation Act article 2.21 § A(3) provides in relevant part:


 A. A holder of shares, an owner of any beneficial interest in shares, or
a subscriber for shares whose subscription has been accepted, . . . shall
be under no obligation to the corporation or to its obligees with respect
to:


. . . .


 (3) any obligation of the corporation on the basis of the
failure of the corporation to observe any corporate
formality, including without limitation: (a) the failure to
comply with any requirement of this Act or of the articles
of incorporation or bylaws of the corporation; or (b) the
failure to observe any requirement prescribed by this Act
or by the articles of incorporation or bylaws for acts to be
taken by the corporation, its board of directors, or its
shareholders. 


Tex. Bus. Corp. Act Ann. art. 2.21 § A(3) (Vernon Supp. 2001) (emphasis added).
7. We treat Plaintiffs' claim that the corporation was inadequately insured as a
form of inadequate capitalization.
8. To marshal one's evidence is to arrange all of the evidence in the order that it
will be presented at trial. In re Mohawk Rubber Co., 982 S.W.2d 494, 498
(Tex. App.--Texarkana 1998, orig. proceeding), citing Bryan Garner, A
Dictionary Of Modern Legal Usage 353 (1987).
9. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.