Charles Ben HOWELL, Individually and as Administrator of the Estate of Frederick Lane Howell, Deceased, and on Behalf of Ted R. Howell, Deceased, and J. Maxine Larson, Appellants,

v.

HILTON HOTELS CORPORATION and Stanley Wadsworth, Appellees.

No. 01–00–00475–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 18, 2002.

Rehearing Overruled Sept. 13, 2002.

Charles B. Howell, Dallas, for Appellant.

Jeffrey Patrick Murphrey, Tekell, Book, Matthews & Limmer, LLP, Houston, for Appellee.

Panel consists of Justices MIRABAL, JENNINGS, and DUGGAN.[*]

## OPINION ON MOTION FOR REHEARING

MARGARET GARNER MIRABAL, Justice.

We deny appellants' motion for rehearing, withdraw our opinion dated July 5, 2001, and substitute this opinion in its stead.

Appellants, Charles Ben Howell, individually, and as administrator of the estate of Frederick Lane Howell, deceased, and on behalf of Ted R. Howell, deceased, and J. Maxine Larson (collectively Plaintiffs) brought suit against Hilton Hotels Corporation (Hilton) and Stanley Wadsworth for the death of Frederick Howell. In eight points of error, Plaintiffs challenge a summary judgment rendered in favor of Hilton and Wadsworth. We affirm in part and reverse and remand in part.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Frederick Howell, a Texas resident, died on September 15, 1986, in Durango, Colorado. He and his fellow employees went to Colorado on a business trip sponsored by their employer. On September 12, 1986, Howell and several co-workers took a sightseeing excursion on a bus provided by Tamarron Resort. During the excursion, the bus was struck by a runaway tractor trailer. Howell died three days later as a result of injuries he sustained in the accident.

On September 8, 1988, Frederick Howell's brothers, Charles Ben Howell and Ted Howell filed suit against Tamarron, Inc., owner of the resort, and R & D Harris Transportation, Inc., owner of the tractor-trailer. Eight and one-half years later, in April 1997, Plaintiffs filed their first amended petition which added J. Maxine Larson, "devoted companion of Frederick Howell," as a plaintiff and added Hilton as a defendant. Plaintiffs' first amended petition also named Golf Host

[*] The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Resorts, Inc. (Golf Host), the corporate successor of Tamarron, Inc., as a defendant.[1]

In February 1998, Plaintiffs filed their second amended petition, which added Stanley Wadsworth, a shareholder and officer of the corporate resort owner, as a defendant. Plaintiffs' third amended petition, filed August 12, 1999, added two additional defendants, Brent Wadsworth and C. James McCormick, who along with Stanley Wadsworth, were the majority shareholders of Tamarron, Inc. and its corporate successor.

Plaintiffs' third amended petition can be read to assert causes of action against Hilton based on negligence and breach of warranty.[2] In their third amended petition, Plaintiffs seek to hold Hilton liable based on a management agreement entered into by Hilton and Golf Host in November 1995 relating to Tamarron Resort. Plaintiffs contend that the management agreement was actually a partnership agreement between Hilton and Golf Host.

With regard to Stanley Wadsworth, Plaintiffs allege claims of negligence and breach of warranty. Plaintiffs assert that Wadsworth is individually liable because the corporate resort owner was his alter ego. Plaintiffs also allege that in 1998, Wadsworth and the other two majority shareholders of Golf Host sold their stock to Starwood Capital. As part of this transaction, Plaintiffs state that Wadsworth agreed in writing to indemnify Starwood Capital for any liability it had to Plaintiffs relating to this case. Plaintiffs assert that they are entitled to judgment against Wadsworth based on the indemnity agreement.

Hilton and Wadsworth filed a motion for summary judgment and an amended motion for summary judgment. In the amended motion for summary judgment, Hilton alleges that: (1) it is not liable as a partner of Golf Host; (2) even assuming that there was such a partnership agreement, Hilton would not be liable for any partnership responsibilities that arose before Hilton entered into the partnership; (3) Plaintiffs' survival claims and breach of warranty claims are barred by the respective statutes of limitations; and (4) no evidence exists as to one or more elements of Plaintiffs' claims. In addition to asserting the third and fourth grounds asserted by Hilton, Wadsworth also moved for summary judgment on the basis that the corporate resort owner at the time of the accident—Tamarron, Inc.—was not his alter ego. Plaintiffs filed a response to the motion for summary judgment, but did not file a separate response to the amended motion for summary judgment.

Without stating the basis, the trial court granted Hilton's and Wadsworth's motions for summary judgment. Plaintiffs' claims against Hilton and Wadsworth were severed, which rendered the summary judgment final for purposes of this appeal.

**STANDARD OF REVIEW**

In this case, Hilton and Wadsworth sought both a no-evidence and traditional summary judgment.

**A. No–Evidence Summary Judgment**

In a no-evidence motion for summary judgment, the movant must specifically state the elements as to which there is no evidence. TEX.R. CIV. P. 166a(i). The burden then shifts to the nonmovant to pro-

---

1. In March 1987, Tamarron, Inc. underwent a name change to "Golf Host Resorts, Inc."

2. Because this appeal involves only defendants Hilton and Stanley Wadsworth, we focus on Plaintiffs' claims against them.

duce evidence that raises a fact issue on the challenged elements. *Id.* When reviewing the grant of a no-evidence summary judgment, we assume all evidence favorable to the nonmovant is true and indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,* 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (involving rule 166a(i) motion). A no-evidence summary judgment is improperly granted if the nonmovant brings forth more than a scintilla of evidence to raise a genuine issue of material fact. TEX.R. CIV. P. 166a(i).

## B. Traditional Summary Judgment

A traditional summary judgment brought pursuant to Texas Rule of Civil Procedure 166a(c) is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). In reviewing a summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in his favor. *Johnson,* 891 S.W.2d at 644; *Lawson v. B Four Corp.,* 888 S.W.2d 31, 33 (Tex. App.-Houston [1st Dist] 1994, writ denied). We will take all evidence favorable to the nonmovant as true. *Johnson,* 891 S.W.2d at 644; *Lawson,* 888 S.W.2d at 33. As movant, the defendant is entitled to summary judgment if the evidence disproves, as a matter of law, at least one element of

each of the plaintiff's causes of action or conclusively establishes each element of an affirmative defense. *Friendswood Dev. Co. v. McDade & Co.,* 926 S.W.2d 280, 282 (Tex.1996).

When a trial court does not state the basis for its decision in its summary judgment order, as in this case, we must uphold the order if any of the theories advanced in the motion is meritorious. *Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 79 (Tex.1989).

## DISCUSSION

### A. Claims Against Hilton

In issue four, Plaintiffs assert that the trial court erred to the extent it granted summary judgment in favor of Hilton on the basis that Hilton cannot be liable for partnership obligations that arose before it became Golf Host's partner.

It is undisputed that Frederick Howell died in 1986 and that Hilton and the corporate resort owner—Tamarron, Inc.—were not partners at that time. However, the parties dispute whether Hilton and Golf Host became partners in 1995 when they signed the management agreement.[3]

Hilton argues that, even if it entered into a partnership with Golf Host in 1995, its liability is precluded by article 6132b–3.07 of the Texas Revised Partnership Act (TRPA)[4], which provides:

A person admitted as a partner into an existing partnership does not have per-

---

3. In issue four, Plaintiffs also contend that the trial court erred to the extent it granted summary judgment on the basis that Hilton and Golf Hosts were not partners. However, because of our disposition of this issue, we need not discuss that contention.

4. The Texas Revised Partnership Act, TEX.REV. CIV. STAT. ANN. art. 6132b–1.01 to –11.04, ap-

plies to partnerships formed on or after January 1, 1994 and to those partnerships formed before that date that elect to be governed by the new act. *Id.* art. 6132b–11.03(a)(1). Because Plaintiffs allege that the partnership between Hilton and Golf Host was formed in 1995, the TRPA would apply.

sonal liability ... for an obligation of the partnership that:

(1) arose before the partner's admission to the partnership;

(2) relates to an action taken or omissions occurring before the partner's admission to the partnership; or

(3) arises before or after the partner's admission under a contract or commitment entered into before the partner's admission to the partnership.

TEX.REV.CIV. STAT. ANN. art. 6132b–3.07 (Vernon Supp.2001). Plaintiffs admit that Hilton may not have "personal liability"; however, they assert they can recover money that Hilton advanced to the partnership as well as profits received by Hilton from the operation of Tamarron Resort. Plaintiffs argue that such funds constitute "partnership property." In their appellate brief, Plaintiffs contend: "Although the statute prevents a general judgment or personal judgment against Hilton, it does not prevent Plaintiffs from suing for and recovering advances and profits, paid or payable to Hilton." In support of this contention, Plaintiffs rely on the 1993 Comment of Bar Committee to article 6132b–3.07, which states:

Although the language of this section is significantly different from that of TUPA [Texas Uniform Partnership Act] § 17, the result is not significantly different. This section continues the rule that a new partner has no personal liability for obligations of the partnership that arose before the partner's admission to the partnership or relate to actions taken or commitments entered into before the partner's admission to the partnership.... TUPA § 17 purported to make the new partner liable, *but limited the new partner's liability to partnership property. This section reaches the same result in a more direct manner.*

TEX.REV.CIV. STAT. ANN. art. 6132b–3.07 (Comment of Bar Committee) (emphasis added); *see also Simkins v. Outdoor Resorts S. Padre Island,* 684 S.W.2d 754, 756 (Tex.App.-Corpus Christi 1984, writ ref'd n.r.e.) ("Parties admitted as partners into existing partnerships are bound by all partnership obligations then outstanding, the same as though they had been partners when such obligations were initially incurred, except that their liabilities as to unpaid obligations existing at the time of their admission could only be satisfied out of partnership property."); *accord Penrod Drilling Co. v. Silvertooth,* 144 S.W.2d 335, 338 (Tex.Civ.App.-Galveston 1940, writ dism'd judgment cor.).

■ Plaintiffs also assert that, because Hilton offered no summary judgment evidence to refute them, the following assertions pled in their third amended petition must be taken as true: (1) Hilton advanced over $1 million to the partnership "in exchange for the right to share in profits for up to 20 years," and (2) "Hilton is liable to account to Plaintiffs for the profits from Tamarron Hilton Resort." However, even taking these allegations as true, Hilton is not liable to Plaintiffs as a partner. Any funds due Hilton that it advanced to the alleged partnership or that were paid to Hilton as profits, would be Hilton's property and not partnership property. *See* TEX.REV.CIV. STAT. ANN. art. 6132b–2.05 (Vernon Supp.2001) (defining what is considered "partnership property").

We hold that Hilton cannot be held personally liable for Plaintiffs' claims, as a matter of law, because (1) the claims arose nine years before Hilton executed the alleged partnership agreement with Golf Host, and (2) Hilton does not possess partnership property. *See* TEX.REV.CIV. STAT.

Ann. art. 6132b–3.07. Summary judgment on this basis was properly granted.

We overrule issue four.

## B. Claims Against Wadsworth

### 1. Alter Ego

In issue five, Plaintiffs contend that the trial court erred by granting the summary judgment on their claim that Wadsworth is liable because Tamarron, Inc. was his "alter ego."

■■■ Texas case law and various statutory provisions allow piercing the veil of a corporation or provide other avenues for shareholders or others to be held liable for actions of the corporation. *See, e.g.,* Tex. Bus. Corp. Act Ann. art. 2.21 (Vernon Supp. 2001); *Castleberry v. Branscum,* 721 S.W.2d 270, 272 (Tex.1986).[5] Alter ego is a basis for disregarding the corporate fiction "where a corporation is organized and operated as a mere tool or business conduit of another...." *Castleberry,* 721 S.W.2d at 272. It "applies when there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice." *Id.,* (*citing First Nat'l Bank in Canyon v. Gamble,* 134 Tex. 112, 132 S.W.2d 100, 103 (1939)). Alter ego "is shown from the total dealings of the corporation and the individual, including the degree to which ... corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes." *Id.; Hall v. Timmons,* 987 S.W.2d 248, 250 (Tex.App.-Beaumont 1999, no pet.).

■■ In their third amended petition, Plaintiffs allege that Tamarron, Inc. was the alter ego of Wadsworth and the two other majority shareholders because the shareholders failed to follow various corporate formalities or provide adequate capitalization and insurance for the corporation. We recognize that whether a corporate fiction should be disregarded is a question of fact which, except in "very special circumstances," should be determined by the jury. *Castleberry,* 721 S.W.2d at 277; *Coleman Cattle Co. v. Carpentier,* 10 S.W.3d 430, 435 (Tex.App.-Beaumont 2000, no pet.).

■■ In his motion for summary judgment, Wadsworth argues that failure to follow corporate formalities is no longer a basis for alter ego liability. We agree. Under Business Corporation Act article 2.21, observance of corporate formalities is no longer a factor that can be considered in determining alter ego.[6] Tex. Bus. Corp. Act Ann. art. 2.21 § A(3); *see Aluminum Chemicals (Bolivia), Inc. v. Bechtel Corp.,*

---

**5.** As discussed below, *Castleberry* was overruled by Business Corporation Act article 2.21 § A(3) to the extent that failure to observe corporate formalities is no longer a factor in proving alter ego.

**6.** Business Corporation Act article 2.21 § A(3) provides in relevant part:

A. A holder of shares, an owner of any beneficial interest in shares, or a subscriber for shares whose subscription has been accepted, ... shall be under no obligation to the corporation or to its obligees with respect to:

. . . .

(3) *any obligation* of the corporation on the basis of the failure of the corporation to observe any corporate formality, including without limitation: (a) the failure to comply with any requirement of this Act or of the articles of incorporation or bylaws of the corporation; or (b) the failure to observe any requirement prescribed by this Act or by the articles of incorporation or bylaws for acts to be taken by the corporation, its board of directors, or its shareholders.

Tex. Bus. Corp. Act Ann. art. 2.21 § A(3) (Vernon Supp.2001) (emphasis added).

28 S.W.3d 64, 67 n. 3 (Tex.App.-Texarkana 2000, no pet.) (recognizing that failure to observe corporate formalities is no longer a factor in proving alter ego).

▮▮▮ The only remaining factor alleged in support of Plaintiffs' alter ego theory is that the corporation was inadequately funded and insured. Inadequate capitalization is a basis for disregarding the corporate fiction. *Castleberry*, 721 S.W.2d at 272 n. 3; *Hall v. Timmons*, 987 S.W.2d 248, 253 (Tex.App.-Beaumont 1999, no pet.).

After adequate time for discovery and without presenting summary judgment evidence, a party is permitted by rule of civil procedure 166a(i) to move for summary judgment on the ground that no evidence supports one or more essential specified elements of an adverse party's claim or defense on which the an adverse party would have the burden of proof at trial. Tex.R. Civ. P. 166a(i). Although he was not required by Rule 166a(i) to submit any evidence, Wadsworth detailed the summary judgment evidence on which he relied, including Plaintiffs' third amended petition, his affidavit, and deposition. Wadsworth also alleged that no evidence existed to show that the corporation was inadequately capitalized.[7] We find that this complies with Rule 166a(i)'s requirement to specifically challenge the evidentiary support for an element of Plaintiffs' alter ego claim. Therefore, the burden shifted to Plaintiffs to produce summary judgment evidence raising a genuine issue of material fact. *See Id.; Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex.App.-Austin 1998, no pet.); *see also* Judge

David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 34 Hous. L.Rev. 1303, 1356 (1998) (stating mere filing of motion shifts burden to respondent to come forward with enough evidence to take case to jury).

▮▮▮ The Supreme Court's comment to Rule 166a(i) provides that "[t]o defeat a motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements."[8] Tex.R. Civ. P. 166a(i) cmt; *Saenz v. Southern Union Gas Co.*, 999 S.W.2d 490, 494 (Tex.App.-El Paso 1999, pet. denied) ("A party is not required to present or arrange all of its evidence in response to a summary judgment motion.") However, Rule 166a(i) explicitly provides that in response to a no-evidence summary judgment motion, the respondent must present some summary judgment evidence raising a genuine issue of material fact on the element attacked, or the motion must be granted. Tex.R. Civ. P. 166a(i). The record reflects that, in response to the motion for summary judgment, Plaintiffs presented no summary judgment evidence to show that Tamarron, Inc. was inadequately capitalized.

We conclude that Plaintiffs failed to carry their burden to produce evidence in support of their alter ego theory. Accordingly, the trial court did not err in granting the no-evidence summary judgment as to Plaintiffs' claims against Wadsworth predicated on Tamarron, Inc. being his alter ego.

We overrule issue five.

## 2. Indemnity Claim

---

**7.** We treat Plaintiffs' claim that the corporation was inadequately insured as a form of inadequate capitalization.

**8.** To marshal one's evidence is to arrange all of the evidence in the order that it will be

presented at trial. *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 498 (Tex.App.-Texarkana 1998, orig. proceeding), *citing* Bryan Garner, A Dictionary Of Modern Legal Usage 353 (1987).

In issue one, Plaintiffs contend that the trial court erred in granting summary judgment in favor of Wadsworth on their claims based on the indemnity agreement between Wadsworth and Starwood Capital. We agree.

A motion for summary judgment must stand or fall on the grounds expressly presented in the motion. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996). We are restricted to reviewing the propriety of the granting of a summary judgment on the basis of the grounds actually asserted in the motion for summary judgment. *Home Indem. Co. v. Pate*, 814 S.W.2d 497, 500 (Tex.App.-Houston [1st Dist.] 1991, writ denied). It is reversible error to grant a motion for summary judgment on a cause of action not addressed in the motion for summary judgment. *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex.1983); *Smith v. Atlantic Richfield Co.*, 927 S.W.2d 85, 88 (Tex.App.-Houston [1st Dist.] 1996, writ denied). Because Plaintiffs' claims against Wadsworth based on the indemnity agreement were not addressed in the motion for summary judgment, summary judgment cannot be sustained on that cause of action.

We sustain Plaintiffs' issue one.

Because of our disposition of issues one, four, and five, we need not address Plaintiffs' remaining issues.

## CONCLUSION

We reverse the summary judgment in favor of Stanley Wadsworth as to the Plaintiffs' claims based on the indemnity agreement and remand to the trial court. We affirm the summary judgment in favor of Wadsworth as to Plaintiffs' remaining claims against him. We affirm the summary judgment rendered in favor of Hilton Hotels Corporation.

All outstanding motions are denied.