Opinion issued January 13, 2005










     








In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00351-CV




MARCOS RANGEL, Appellant

V.

ROBERT LAPIN; CARRIGAN, LAPIN, LANDA & WILDE, L.L.P., and
CARRIGAN, LAPIN & LANDA, L.L.P., Appellees




On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2001-01163




O P I N I O N

          Appellant Marcos Rangel sued appellees Robert Lapin, the law firm of
Carrigan, Lapin, Landa & Wilde, L.L.P., and its related entity Carrigan, Lapin &
Landa, L.L.P. (collectively the “Lapin firm”). The lawsuit alleges: (1) legal
malpractice (negligence), (2) breach of contract, (3) breach of warranty, (4) gross
negligence, (5) violations of the Texas Deceptive Trade Practices-Consumer
Protection Act (the “DTPA”), and (6) spoliation of evidence. Rangel’s claims arise
out of the Lapin firm’s representation of him in connection with potential litigation
for injuries Rangel sustained in a car crash. The trial court granted summary
judgment. Rangel contends that the trial court erred in doing so, because: (1) the
Lapin firm failed to properly present its motion for summary judgment to the trial
court; (2) a fact issue exists with respect to his liability claims; and (3) the trial court
erred in striking his spoliation claim. We conclude that the Lapin firm properly
presented its motion, Rangel failed to raise a fact issue as to the causation element of
his claims, and Texas does not recognize an independent cause of action for
spoliation.


 We therefore affirm the trial court’s summary judgment.
Facts
          In June 1998, Rangel suffered serious injuries in an automobile collision, while
he was driving a 1990 Honda Accord owned by his father. He subsequently retained
the Lapin firm to represent him in his claim against the other vehicle’s driver and
owner for damages. After discovering that neither the owner nor the driver of the
other vehicle had maintained insurance coverage, the Lapin firm withdrew as
Rangel’s counsel. In this lawsuit, Rangel alleges that his father reported to the Lapin
firm that he believed that his Honda’s automobile restraint system was defective, and
might have contributed to the severity of Rangel’s injuries. He further alleges that
a legal assistant of the law firm advised Rangel’s father to sell the wrecked Honda for
its salvage value. Rangel’s father sold the Honda, and the salvage company reduced
it to scrap metal. Rangel alleges in this lawsuit that his father’s disposal of the
vehicle prevented him from pursuing a products liability case against the Honda
Motor Company with respect to the Honda Accord’s passive restraint system.
          Rangel filed his original petition in June 2000. The Lapin firmed filed both a
traditional and a no-evidence motion for summary judgment in August 2002. See
Tex. R. Civ. P. 166a(c), 166a(i). The Lapin firm moved for summary judgment on
the grounds that (1) no evidence exists as to at least one element of Rangel’s legal
malpractice, breach of warranty, breach of contract, and DTPA claims; and (2) the
DTPA claims are barred as a matter of law. The trial court granted the Lapin firm’s
motion for summary judgment in January 2003. Rangel then filed a motion for new
trial. The trial court denied Rangel’s motion for new trial, and this appeal followed.
Standard of Review
          The movant for a traditional summary judgment has the burden of showing that
there is no genuine issue of material fact and that he is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Park Place Hosp. v. Estate of Milo, 909
S.W.2d 508, 510 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548
(Tex. 1985). A defendant moving for summary judgment must either disprove at least
one element of each of the plaintiff’s causes of action, or plead and conclusively
establish each essential element of its affirmative defense, thereby rebutting the
plaintiff’s causes of action. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). In
a no-evidence summary judgment under Rule 166a(i), the movant represents that no
evidence exists as to one or more essential elements of the non-movant’s claims, upon
which the non-movant would have the burden of proof at trial. Tex. R. Civ. P.
166a(i). The non-movant then must present evidence raising a genuine issue of
material fact on the challenged elements. Id.
          A no-evidence summary judgment is essentially a pretrial directed verdict, and
we apply the same legal sufficiency standard when reviewing a no-evidence summary
judgment as we do in reviewing a directed verdict. King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 750-51 (Tex. 2003) (citing Valero Mktg. & Supply Co. v. Kalama
Int’l, L.L.C., 51 S.W.3d 345, 350 (Tex. App.—Houston [1st Dist.] 2001, no pet.)); see
also Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no
pet.). We ascertain whether the non-movant produced any evidence of probative
force to raise a fact issue on the material questions presented. See Jackson, 979
S.W.2d at 70. We consider all the evidence in the light most favorable to the party
against whom the no-evidence summary judgment was rendered, disregarding all
contrary evidence and inferences. King Ranch, 118 S.W.3d at 751 (citing Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)); see also Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). 
          More than a scintilla of evidence exists if the evidence “rises to a level that
would enable reasonable and fair-minded people to differ in their conclusions.” King
Ranch, 118 S.W.3d at 751; Merrell Dow Pharms., 953 S.W.2d at 711. As the
summary judgment order in this case does not specify the grounds relied upon by the
trial court, we affirm it if any one of the grounds presented in the motion has merit. 
See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996). 
Improper Form
          In his first issue, Rangel contends that the trial court erred in overruling his
objections to the Lapin firm’s motion for summary judgment because the motion did
not properly incorporate the summary judgment evidence upon which it relies. 
Rangel claims that the Lapin firm should have included its evidentiary support—
depositions, in particular—in full, as opposed to the excerpts that support its motion. 
Rangel further claims that the Lapin firm failed to direct the court to any specific
portion of the evidence in support of its no-evidence motion for summary judgment. 
          Rule 166a provides that the motion or response reference or set forth the
evidence in support of it, unless such evidence is “on file” at the time of the hearing. 
See Tex. R. Civ. P. 166a(c). The Lapin firm’s motion for summary judgment relies
upon and specifically references: (1) Rangel’s disclosure responses; (2) Rangel’s
original petition; (3) excerpts from Rangel’s deposition testimony; (4) excerpts from
his father’s deposition testimony; (5) excerpts from his mother’s deposition
testimony; and (6) Rangel’s expert’s deposition testimony. The Lapin firm attached
these materials to its motion. 
          Depositions and pleadings are proper summary judgment evidence when
referred to or incorporated in a motion for summary judgment. See Stewart v. United
States Leasing Corp., 702 S.W.2d 288, 290 (Tex. App.—Houston [1st Dist.] 1985,
no writ). Within its motion for summary judgment, the Lapin firm specifically
referenced its summary judgment evidence. The fact that the Lapin firm did not rely
upon all of the discovery materials in the case, nor attach every complete deposition,
does not constitute a valid basis for objection to the evidence that the motion did
incorporate. We hold that the Lapin firm properly presented evidence in favor of its
motion for summary judgment. 
          Moreover, the Lapin firm does not have the burden of producing evidence to
support the no-evidence part of its motion. See Howell v. Hilton Hotels Corp., 84
S.W.3d 708, 711-12 (Tex. App.—Houston [1st Dist.] 2002, pet. denied.). In its
motion, the Lapin firm stated the elements in each cause of action that lacked
evidence—namely, causation and damages. This satisfies the specificity requirement
of a no-evidence motion for summary judgment. See Tex. R. Civ. P. 166a(i).



Legal Malpractice
          Rangel contends that the trial court erred in rendering summary judgment on
his legal malpractice claim. A legal malpractice action is based upon negligence and
requires proof of four elements: (1) a legal duty; (2) a breach of that duty; (3) that the
breach proximately caused the plaintiff’s damages; and (4) that the plaintiff sustained
damages. See Alexander v. Turtur & Assocs., Inc., 146 S.W.3d 113, 117 (Tex. 2004);
see also Peeler v. Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995); Cosgrove v.
Grimes, 774 S.W.2d 662, 665 (Tex. 1989); Greathouse v. McConnell, 982 S.W.2d
165, 172 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). If a legal malpractice
case arises from prior litigation, a plaintiff must prove that, “but for” the attorney’s
breach of his duty, the plaintiff would have prevailed in the underlying case. 
Greathouse, 982 S.W.2d at 172. Our jurisprudence often refers to this “but for”
causation aspect of the plaintiff’s burden as the “suit-within-a-suit” requirement. See
id. at 173. 
          Rangel alleges that the Lapin firm breached the standard of care for an attorney
by advising his father to destroy the vehicle that could have provided a basis for a
products liability action against Honda. In its motion for summary judgment, the
Lapin firm asserted that Rangel had failed to produce any evidence of proximate
cause, i.e., that Rangel would have prevailed in a lawsuit against Honda “but for” the
firm’s malpractice. See Greathouse, 982 S.W.2d at 173. In response, Rangel offered
his pleadings and the deposition testimony of Todd Tracy. Tracy is an attorney who
has handled crashworthiness cases against Honda. He testified that there was “no
doubt in his mind” that he could have recovered a substantial recovery on behalf of
Rangel had the vehicle been preserved. He further averred that the vast majority of
cases with injuries similar to Rangel’s settle for large sums of money. Although
Tracy is a “legal expert witness,” Rangel concedes that he is not an engineering,
medical, or biomechanics expert. 
          In general, one proves causation in a legal malpractice suit by expert testimony. 
See Alexander, 146 S.W.3d at 119-20; Onwuteaka v. Gill, 908 S.W.2d 276, 281 (Tex.
App.—Houston [1st Dist.] 1995, no writ). Here, the underlying case against Honda
required expert testimony to show that Rangel would have prevailed against Honda,
had the suit properly been prosecuted. Alexander, 146 S.W.3d at 119-20; Onwuteaka,
908 S.W.2d at 281. To prevail in a passive restraint products liability suit, some
combination of expert medical, biomechanical, and/or design opinions that the seat
belt in Rangel’s Honda was, in fact, defective, and furthermore, that failure of a seat
belt passive restraint system caused Rangel’s injuries would have been necessary to
prevail in the underlying lawsuit. See, e.g., Nissan Motor Co. v. Armstrong, 145
S.W.3d 131, 137 (Tex. 2004) (requiring competent expert testimony and objective
proof that defect caused unintended acceleration in vehicle); Burroughs Wellcome
Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995) (stating that to establish causation in
personal injury case, plaintiff must prove that conduct of defendant caused event and
event caused plaintiff to suffer compensable injuries); Henderson v. Ford Motor Co.,
519 S.W.2d 87, 93-94 (Tex. 1974) (reversing judgment against car manufacturer
because no expert testified defect had been caused by unreasonably dangerous design
or that alternative would have prevented accident); General Motors Corp. v. Harper,
61 S.W.3d 118, 130 (Tex. App.—Eastland, 2001, pet. denied) (holding that in order
to establish liability for design defect, plaintiff must prove the defect was producing
cause of injury). Such highly technical matters of design and engineering require
scientific, technical, and/or specialized knowledge. See Tex. R. Evid. 702; see also
Honda of America Mfg., Inc. v. Norman, 104 S.W.3d 600, 608 (Tex. App.—Houston
[1st Dist.] 2003, pet. denied) (reversing plaintiff’s jury award in products liability seat
belt restraint suit on legal sufficiency grounds because no expert testimony of
reasonably safer alternative design for Honda’s passive restraint system); Praytor v.
Ford Motor Co., 97 S.W.3d 237, 241 (Tex. App.—Houston [14th Dist.] 2002, no
pet.) (concluding that motorist in air bag deployment suit required to present expert
testimony to establish causation); Coastal Tankships, U.S.A., Inc. v. Anderson, 87
S.W.3d 591, 603 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (holding that
when lay person’s general experience and common sense will not enable that person
to determine causation, expert testimony is required); General Motors, 61 S.W.3d at
133 (reversing plaintiff’s jury award in products liability seat belt restraint suit
because design expert’s testimony failed to establish causation); Sipes v. General
Motors Corp., 946 S.W.2d 143, 154 (Tex. App.—Texarkana 1997, pet. denied)
(stating although expert not required in all cases to establish a product defect, “issues
may arise on technical matters of design and engineering that would be beyond
evidence that lay witnesses with no expertise in these fields could offer”). 
          Rangel did not offer any accident reconstruction, medical, engineering or
design testimony to support his claim that his injuries were consistent with a design
or manufacturing defect. Thus, Rangel did not offer expert testimony from which one
could infer that the underlying case would have had merit, if only the Honda Accord
had not been sold for salvage and destroyed. In addition, Rangel did not offer any
factual evidence that supports a products liability claim against Honda—no medical
records, no information about the vehicle’s design, not even the police report. 
Although Tracy described the Honda’s seat belt system in his deposition, he admitted
that, as a lawyer, he is not an expert in the fields of accident reconstruction or design
defects, and that he could not offer the opinion that the seat belt in Rangel’s car had
failed. We conclude that Rangel failed to raise a material fact issue on the suit-within-a-suit causation element of his legal malpractice claim. See Alexander, 146
S.W.3d at 117. The trial court therefore properly granted the Lapin firm’s summary
judgment with respect to this claim. 
Deceptive Trade Practices Act
          Rangel further contends that the trial court erred in granting summary judgment
to the Lapin firm on his DTPA cause of action. Specifically, he contends that the
Lapin firm created confusion that resulted in Rangel’s incorrect belief that one of the
firm’s paralegals, Keith Hill, was actually an attorney. He further contends that Lapin
represented that he was a board certified personal injury lawyer when he was not. 
Rangel alleges that because the firm led him and his family to believe that Hill was
an attorney, they placed greater confidence in his advice to sell the car for salvage. 
Rangel maintains that these misrepresentations were a producing cause of injury to
him, because but for the advice of the Lapin firm, he would have “retained a viable
products case against Honda.” 
          As with Rangel’s negligence claims, the DTPA requires that a plaintiff prove
that “but for” the attorney’s breach of duty, the plaintiff would not have sustained
injury. See Tex. Bus. & Com. Code Ann. § 17.46(b) (Vernon 2002); see also
Alexander, 146 S.W.3d at 117 (stating that producing cause under DTPA requires
proof of causation in fact); Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d
472, 481 (Tex. 1995) (providing that producing cause is substantial factor which
brings about injury and without which injury would not have occurred). Rangel has
not raised a fact issue as to whether he would have recovered in a suit against Honda,
thus, no evidence of the producing cause element of Rangel’s DTPA claim exists. 
          Moreover, the DTPA does not apply to a claim for damages based upon
professional services, if the essential nature of the service is the providing of advice,
judgment, opinion, or similar professional skill. See Tex. Bus. & Com. Code Ann.
§ 17.49(c)(1) (Vernon 2002); Stafford v. Lunsford, 53 S.W.3d 906, 910 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied) (holding attorney was not liable under
DTPA for failing to advise client to record divorce decree awarding her former
husband’s land, because amendment to DTPA exempted professional services from 
statute). Here, the alleged representations made by Hill and the Lapin firm to Rangel
were the type of advice, judgment, or opinion that the legislature specifically intended
to exempt from the DTPA. See Stafford, 53 S.W.3d at 910. Rangel alleges
misrepresentations that caused him to weigh the firm’s advice with undue favor, a
claim that soundly rests within the arena of professional advice. The trial court
therefore properly granted summary judgment with respect to Rangel’s DTPA action.
 
Breach of Contract
          Rangel claims that the Lapin firm breached its contract to “prosecute and
collect any claims” that Rangel may have had in the underlying litigation against
Honda. In his brief, Rangel cites to the language in the fee agreement he signed with
the Lapin firm to handle his underlying claim. He claims the breach of the agreement
by the Lapin firm caused injury, because he lost his opportunity to pursue and recover
a judgment on his potential products claim. The Lapin firm responds that no evidence
exists as to (1) its breach of the contract, and (2) that any breach caused injury to
Rangel.
          As with Rangel’s other causes of action, his breach of contract claim is one
“means to an end” to complain of legal malpractice. See Greathouse, 982 S.W.2d
165, 172 (citing Klein v. Reynolds, Cunningham, Peterson & Cordell, 923 S.W.2d 45,
48-49 (Tex. App.—Houston [1st Dist.] 1995, no writ)). A cause of action arising out
of bad legal advice or improper representation is legal malpractice. See Greathouse,
982 S.W.2d at 172; see also Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 481 (Tex.
App.—Dallas 1995, writ denied). Rangel alleges a separate and distinct cause of
action for breach of contract, but the crux of this claim is that the Lapin firm did not
provide adequate legal representation to him. See Greathouse, 982 S.W.2d at 172. 
We hold that Rangel’s breach of contract claim is in reality a legal malpractice claim. 
The trial court therefore properly granted summary judgment on the claim because
Rangel failed to produce evidence raising a fact issue as to causation. Breach of Warranty
          Rangel also appeals the trial court’s summary judgment on his breach of
warranty claims. Professional services, however, are not actionable under a breach
of warranty cause of action. Murphy v. Campbell, 964 S.W.2d 265, 268-69 (Tex.
1997). The legal services offered by the Lapin firm about which Rangel complains
are professional in nature. The trial court therefore properly granted summary
judgment on Rangel’s breach of warranty cause of action. 
Spoliation
          In his final issue, Rangel contends that the trial court erred in striking his cause
of action for spoliation. Rangel concedes that Texas does not recognize a separate
and distinct cause of action for spoliation. Trevino v. Ortega, 969 S.W.2d 950, 952
(Tex. 1998). He urges this court to reconsider.
          In Trevino, the Texas Supreme Court declined to recognize spoliation as an
independent tort. Id. In its opinion, the court stated:
While the law must adjust to meet society’s changing needs, we must
balance that adjustment against boundless claims in an already crowded
judicial system. We are especially adverse to creating a tort that would
already lead to duplicative litigation, encouraging inefficient relitigation
of issues better handled within the context of the core cause of action.
 
See id. We are duty bound to follow the Texas Supreme Court’s pronouncements and
therefore decline Rangel’s invitation to recognize an independent action for
spoliation. Lubbock County v. Trammel’s Lubbock Bail Bands, 80 S.W.3d 580, 585
(Tex. 2002) (“It is not the function of a court of appeals to abrogate or modify
established precedent. That function lies solely with [the Texas Supreme] Court.”);
Lofton v. Tex. Brine Corp., 777 S.W.2d 384, 386 (Tex. 1989) (stating that courts of
appeals must follow Texas Supreme Court’s pronouncements); Swilley v. McCain,
374 S.W.2d 871, 875 (Tex. 1964) (same).Conclusion
          We hold that the trial court properly granted summary judgment in favor of the
Lapin firm. We conclude that (1) the Lapin firm properly presented its motion to the
trail court; (2) Rangel failed to raise a fact issue as to causation for his legal
malpractice claim; (3) Rangel failed to raise a fact issue as to his DTPA and breach
of contract actions; (4) Texas does not recognize a cause of action for breach of
warranty of professional services; and (5) the trial court did not err in striking
Rangel’s cause of action for spoliation, because Texas does not recognize an
independent cause of action for spoliation of evidence. We therefore affirm the
judgment of the trial court.
                                                             Jane Bland 
                                                             Justice
Panel consists of Justices Taft, Jennings, and Bland.