11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Randy
Hibler

Appellant

Vs.                   No. 11-04-00019-CV -- Appeal from Taylor County

Nancy Groce Puckett,
Individually and as

Representative of the
Estate of Larry C. Groce, Jr.

 

Appellee

 

Nancy Groce Puckett and her now deceased husband,
Larry C. Groce, Jr., sold their home in Fairway Oaks to Randy Hibler and Debbie
Hibler.  Three years after the sale,
Randy Hibler sued Puckett for various causes of action, including fraud and
breach of contract.  The trial court
granted summary judgment for Puckett.  We
modify and affirm.

On March 29, 1999, appellant purchased residential
property at 61 Glen Abbey in the Fairway Oaks Addition to the City of
Abilene.  Appellant purchased the
property from Larry C. Groce, Jr., and Nancy Groce Puckett.  On June 24, 2002, appellant brought suit
against the real estate company that sold him the house, its agent, and
Puckett.  Appellant alleged that Puckett
made various misrepresentations prior to appellant=s
purchase of the property.  These alleged
misrepresentations formed the basis of appellant=s
causes of action for common law fraud, fraud in a real estate transaction,
negligence per se, DTPA[1]
violations, and breach of contract.

On June 26, 2003, Puckett filed her first amended
motion for summary judgment.  The motion
contained both traditional and no-evidence grounds for summary judgment.  See TEX.R.CIV.P. 166a(c) &
166a(i).  On traditional grounds, Puckett
asserted that, for each cause of action, the statute of limitations had passed
prior to appellant filing suit.  On
no-evidence grounds, Puckett argued that there was no evidence to support any
of appellant=s causes
of action.  The trial court heard the
motion on July 25, 2003.








On September 22, 2003, the trial court granted
summary judgment in favor of Puckett on all grounds.  On October 2, 2003, the trial court signed an
order of severance transferring from the suit all of appellant=s claims against Puckett which were
disposed of by summary judgment.  The
severance finalized the summary judgment; and, thereafter, appellant brought
this appeal.

Appellant argues eight issues on appeal.  In his first three issues, appellant asserts
that the trial court erred in granting Puckett=s
motion for summary judgment.  In his
fourth issue, he asserts that the trial court heard the motion for summary
judgment prematurely, nearly three months prior to the expiration date of the
discovery period.  In his fifth issue, he
asserts that the trial court erred in denying his motion for reconsideration of
summary judgment.  In his sixth and
eighth issues, he asserts that the trial court erred in denying his motion for
new trial and consideration of newly discovered evidence.  In his seventh issue, he asserts that the
trial court erred in its award of attorney=s
fees to Puckett.

We first address whether the motion for summary
judgment was properly granted.  When a
trial court=s order
granting summary judgment does not specify the ground or grounds relied upon
for its ruling, summary judgment will be affirmed on appeal if any of the
summary judgment grounds advanced by the movant are meritorious.  Dow Chemical Company v. Francis, 46
S.W.3d 237, 242 (Tex.2001); Sunshine Mining & Refining Company v. Ernst
& Young, L.L.P., 114 S.W.3d 48, 51-52 (Tex.App. - Eastland 2003, no pet=n).

Because we believe that the no-evidence grounds
are dispositive of this appeal, we will not address Puckett=s traditional grounds for summary
judgment.  In reviewing a no-evidence
summary judgment, we will not consider summary judgment evidence propounded by
the movant; and we will accept as true evidence in favor of the non-movant,
indulging every reasonable inference and resolving all doubts in favor of the
non-movant.  Hight v. Dublin
Veterinary Clinic, 22 S.W.3d 614, 619 (Tex.App. - Eastland 2000, pet=n den=d).  








The question then becomes whether the summary
judgment evidence presented by the non-movant, when so considered, is some
evidence that raises a material issue of fact. 
Hight v. Dublin Veterinary Clinic, supra.  The trial court properly granted the
no-evidence summary judgment if appellant failed to bring forth more than a
mere scintilla of evidence to raise a genuine issue of material fact as to an
essential element of appellant=s
claims.  Hight v. Dublin Veterinary
Clinic, supra.  Less than a mere
scintilla of evidence exists when the evidence is so weak as to do no more than
create a mere surmise or suspicion of a fact, so that the legal effect is that
there is no evidence.  Hight v. Dublin
Veterinary Clinic, supra.  More than
a mere scintilla of evidence exists when the evidence rises to a level that
would enable reasonable and fair-minded people to differ in their
conclusions.  Hight v. Dublin
Veterinary Clinic, supra.

In accordance with the above standard, we will not
consider the evidence that Puckett attached to her motion for summary
judgment.  We will consider only the evidence
presented by the non-movant in his response to Puckett=s
first amended motion for summary judgment. 
We disagree with appellant=s
assertion, however, that, because Puckett attached evidence to her motion, we
should treat it as a traditional summary judgment motion.

Appellant argues that we should adopt the
reasoning of the Waco Court of Appeals in Grimes,[2]
and examine this appeal under the traditional summary judgment standard of
review. Appellant further asserts that the Grimes decision and our
decision in Hight v. Dublin Veterinary Clinic, supra, direct trial
courts to either disregard no-evidence motions that include evidence or to
place the burden of proof on the movant. 
Our decision in Hight does no such thing.  To the extent the Grimes decision does
so, we note that the Texas Supreme Court specifically citing Grimes
disapproved of decisions that hold or imply that, if a party attaches evidence
to a motion for summary judgment, any request for summary judgment under Rule
166a(i) will be disregarded.  Binur v.
Jacobo, 135 S.W.3d 646, 651 (Tex.2004). 
We will not disregard Puckett=s
no-evidence motion, and we reaffirm that the burden of proof in a no-evidence
summary judgment is on the non-movant to produce evidence that raises a fact
issue on the challenged elements.  See
Howell v. Hilton Hotels Corporation, 84 S.W.3d 708, 711-12 (Tex.App. -
Houston [1st Dist.] 2002, pet=n
den=d).








One challenged element in each of three of
appellant=s causes
of action (common law fraud, statutory fraud, and violation of the DTPA) is
that Puckett made a false representation to appellant.    The
elements of common law fraud are the following: 
(1) a material representation was made; (2) the representation was
false; (3) when the representation was made, the speaker knew it was false or
made it recklessly without any knowledge of the truth and as a positive
assertion; (4) the representation was made with the intention that it be acted
upon by the other party; (5) the party acted in reliance upon the
representation; and (6) the party suffered injury.  Johnson & Higgins of Texas, Inc. v.
Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex.1998).

The statutory cause of action for fraud, under
TEX. BUS. & COM. CODE ANN. '
27.01 (Vernon 2002), differs only from the common-law cause of action in that
the statute does not require proof of knowledge or recklessness as a
prerequisite to the recovery of actual damages. 
Larsen v. Carlene Langford & Associates, Inc., 41 S.W.3d 245,
249 (Tex.App. - Waco 2001, pet=n
den=d). 
A false representation is still required.  Similarly, the DTPA requires that the
defendant engaged in a false, misleading, or deceptive act.  TEX. BUS. & COM. CODE ANN. '17.50(a)(1) (Vernon 2002).

In his second amended petition, appellant alleged
that Puckett made the following representations: (1) that the property was not
subject to mandatory membership in a homeowner=s
association; (2) that the property had a new roof; (3) that the property was
not subject to any deed restrictions; (4) that no part of the property
encroached onto another=s
property; and (5) that the property was in compliance with applicable city
codes.  With each of these allegations,
appellant failed to either provide evidence that Puckett made such a
representation or, if she did, that appellant failed to provide evidence that
the representation was false.

First, appellant provided no evidence that Puckett
made a false representation about mandatory membership in a homeowner=s association.  Appellant did provide the trial court with a
copy of the residential sales contract, which contains a representation by
Puckett that the property was not subject to mandatory membership in a
homeowner=s
association.  Appellant, however, did not
provide any evidence that this was a false representation.  In fact, appellant=s
own evidence established that membership in the homeowner=s association was voluntary.  Appellant submitted excerpts from the
neighborhood directory, including the association bylaws.  Article II, section 2.2 of the bylaws stated:  AAll
property owners owning property within the Fairway Oaks development area shall
be encouraged to join the Association on a voluntary basis.@








Appellant also claims that a statement in the
seller=s
disclosure notice stating that Puckett was not aware of any homeowner=s association, maintenance fees, or
assessments is evidence of a misrepresentation. 
We disagree.  A seller=s disclosure notice is evidence of what
the seller claimed to be aware of or unaware of.  Alone, it is not evidence of a
misrepresentation.  For there to be
evidence of a false representation, appellant needed to present evidence
contradicting Puckett=s
statement that she was unaware of such fees. 
Appellant=s own
evidence, however, established that the homeowner=s
association had no fees or assessments. 
The neighborhood directory stated in a AMessage
from the President@ that
directory advertising was the association=s
Aonly source of income@ because the association had Ano dues.@  If the president of the homeowner=s association stated that there were no
association fees, we do not see how a statement by Puckett that she was unaware
of such fees could be considered evidence of a false representation.

Second, appellant did not provide any evidence of
a representation by Puckett that the property had a new roof.  The only evidence appellant provided
concerning any representation by Puckett about the roof was a statement in the
seller=s
disclosure notice that the roof was six years old and made out of wood
shingles.  Appellant provided no evidence
to contradict this representation.  The
allegations in his pleadings are not evidence.

Third, appellant did not provide any evidence of a
false representation by Puckett concerning deed restrictions.  It was not enough for appellant to provide
evidence that there were deed restrictions or evidence that deed restrictions
were violated.  The heart of appellant=s claim, and what he needed to provide
evidence of, must be that Puckett made misrepresentations about the presence or
absence of deed restrictions.  Appellant
failed to do so.  To prove that there
were deed restrictions, appellant submitted the association=s declaration of covenants, conditions,
and restrictions.  To prove that these
restrictions were violated, appellant submitted a letter from the Fairway Oaks
Homeowner=s
Association declaring appellant in violation of deed restrictions.  Appellant submitted no evidence, however,
that Puckett made any representations concerning these restrictions, other than
the seller=s
disclosure notice, which stated that she was unaware of any violations of deed
restrictions.  Appellant presented no
evidence to contradict this statement.

Appellant also provided no evidence that Puckett
made any representations about the property encroaching on the property of
another or that the property was in compliance with applicable city codes.  Appellant did submit a letter from the City
of Abilene instructing him to remove a sewer line, but this is not evidence
that Puckett made any representation concerning either the sewer line or
applicable city codes.








In summary, a false representation or, for the
DTPA, a false, deceptive, or misleading act, is an essential element of
appellant=s claims;
but appellant provided the trial court with no evidence of any representations
or actions by Puckett that were false or deceptive.  Appellant seems to stake much of his case on
the seller=s
disclosure notice, but any statements on this notice are only evidence of what
Puckett claimed to be aware of or unaware of. 
Without any evidence to contradict those statements, the notice alone
provides less than a mere scintilla of evidence of misrepresentation or
deception.

Appellant also alleged that Puckett committed
negligence per se by violating Section 27.01, fraud in a real estate
transaction.  However, there can be no
negligence per se if there is no evidence that the statute was violated.  See Nixon v. Mr. Property Management
Company, Inc., 690 S.W.2d 546, 549 (Tex.1985).  Because we find that there is no evidence of
a false representation, we also find that there is no evidence that the statute
was violated.  Appellant further provided
no evidence that the unexcused violation of this statute constitutes negligence
as a matter of law because this statute was designed to prevent injuries to a
class of persons to which appellant belongs. 
See Nixon v. Mr. Property Management Company, Inc., supra.

Finally, appellant asserts a cause of action for
breach of contract.  For this claim,
appellant needed to provide evidence of a contract between the parties, his own
performance of the contract, defendant=s
breach of the terms of the contract, and damages sustained by appellant as a
result of the breach.  Valero
Marketing & Supply Company v. Kalama International, 51 S.W.3d 345
(Tex.App. - Houston [1st Dist.] 2001, no pet=n).  We find that appellant provided no evidence
of a breach by Puckett.  Appellant
alleges that the home he contracted for is different than the home Puckett
delivered.  The basis of this claim, as
with appellant=s other
causes of action, is the alleged misrepresentations made by Puckett.  As explained above, however, appellant
provided no evidence of these misrepresentations.  We overrule appellant=s
first three issues on appeal.








In appellant=s
fourth issue on appeal, he asserts without argument or authority that the trial
court erred in hearing Puckett=s
motion for summary judgment prior to the expiration of the discovery
deadline.  When a party contends that it
has not had an adequate opportunity for discovery before a summary judgment
hearing, it must file either an affidavit explaining the need for further
discovery or a verified motion for continuance. 
Tenneco Inc. v. Enterprise Products Company, 925 S.W.2d 640, 647
(Tex.1996).  Appellant never filed or
requested a motion for continuance either prior to or during the summary
judgment hearing.  We overrule appellant=s fourth issue on appeal.  See TEX.R.APP.P. 38.1(h).

In appellant=s
fifth issue on appeal, he asserts, without argument or authority, that the
trial court erred in denying his motion for reconsideration of summary
judgment.  Issues on appeal must be
supported by arguments and authorities; and, if not so supported, the issues
are waived.  Trenholm v. Ratcliff,
646 S.W.2d 927, 934 (Tex.1983); see Rule 38.1(h).  We overrule appellant=s
fifth issue on appeal.  

In appellant=s
sixth and eighth issues on appeal, he asserts that the trial court erred in
denying his motion for new trial and to consider newly discovered
evidence.  We disagree.  Whether a motion for new trial will be
granted or denied lies within the sound discretion of the trial court, and the
court=s
decision will not be disturbed absent a manifest abuse of such discretion.  Brown v. Hopkins, 921 S.W.2d 306, 311
(Tex.App. - Corpus Christi 1996, no pet=n).  When a trial court refuses to grant a new
trial based on newly discovered evidence, every reasonable presumption will be
made to affirm the trial court=s
decision.  Brown v. Hopkins, supra.
We find nothing in the record to indicate that the trial court abused its
discretion.  A party who seeks a new
trial on the ground of newly discovered evidence must satisfy the court that
(1) the evidence came to his knowledge since the trial, (2) it was not owing to
want of due diligence that the evidence had not come to his attention sooner,
(3) the evidence is not cumulative, and (4) the evidence is so material that it
would probably produce a different result if a new trial were granted.  Brown v. Hopkins, supra at 310.  Each of these elements must be established by
affidavit.  Brown v. Hopkins, supra
at 310-11.  After reviewing appellant=s motion for new trial, we conclude
that appellant did not establish these elements.  We overrule appellant=s
sixth and eighth issues on appeal.

In appellant=s
seventh issue on appeal, he asserts that the trial court erred in awarding
attorney=s fees to
Puckett.  The trial court ordered that
Puckett recover from appellant:

[T]he
sum of $4,000.00 in reasonable trial attorneys fees; plus an additional
$5,000.00 in reasonable appellate attorney fees in the event the case is
appealed to the Court of Appeals; plus an additional $5,000.00 in reasonable
appellate attorneys fees in the event that this case is appealed to the Supreme
Court.

 








First, appellant alleges that a party must recover
damages before that party can recover attorney=s
fees.  We disagree.  The law appellant refers to in his brief
governs situations in which there is no preexisting agreement between the
parties concerning attorney=s
fees.  In this case, however, the real
estate sales contract out of which this lawsuit arose contains a provision
regarding attorney=s
fees.  Paragraph 17 of the contract
states:

The
prevailing party in any legal proceeding brought under or with respect to the
transaction described in this contract is entitled to recover from the
non-prevailing party all costs of such proceeding and reasonable attorney=s fees.

 

The terms of the contract do not require that the
prevailing party recover damages, and appellant provides no argument in his
brief that the terms of the contract are unreasonable.  Appellant also does not argue that the amount
of trial attorney=s fees,
as calculated by Puckett=s
attorney, Diann Waddill, is unreasonable. 
We, therefore, affirm the award of $4,000.00 in reasonable trial
attorney=s
fees.      

Appellant also argues, however, that it was
improper for the trial court to award Puckett Aunconditional@ attorney=s
fees of $5,000.00 if the case was appealed to the Court of Appeals and an
additional $5,000.00 if the case was appealed to the Texas Supreme Court,
regardless of the outcome on appeal.  We
agree.  A trial court may not penalize a
party for taking a successful appeal. Sipco Services Marine, Inc. v. Wyatt
Field Service Company, 857 S.W.2d 602, 607 (Tex.App. - Houston [1st Dist.]
1993, no writ).  Furthermore, the
contract states that only the Aprevailing
party@ is
entitled to attorney=s
fees.  The trial court=s award of reasonable appellate
attorney=s fees to
Puckett must be conditioned upon Puckett prevailing on appeal.

The error is harmless, however, because Puckett is
the prevailing party in this appeal.  See
Sipco Services Marine, Inc. v. Wyatt Field Service Company, supra at
608.  We, therefore, affirm the award of
$5,000.00 in reasonable appellate attorney=s
fees to Puckett.  We will, however,
modify the trial court=s
judgment to reflect that, if appellant appeals this case to the Texas Supreme
Court, Puckett will be entitled to an additional $5,000.00 in appellate attorney=s fees only if Puckett prevails at the
Supreme Court.  See TEX.R.APP.P.
43.2(b).

 

 








As modified, the judgment of the trial court is
affirmed.

 

JIM R. WRIGHT

JUSTICE

 

June 9, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Deceptive Trade Practices-Consumer Protection Act, TEX.
BUS. & COM. CODE ANN. ' 17.41 et seq. (Vernon 2002 & Supp. 2004 - 2005).





[2]Grimes v. Andrews, 997 S.W.2d 877, 880 n.1 (Tex.App. - Waco 1999, no pet=n).