Opinion issued July 19, 2007




 


 




In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00097-CV

____________


TRANSPORTATION STATION, INC. AND ROBERT ROBBINS, 
Appellants


V.


M.A.T. INSURANCE SERVICES, OLEVIA ANN MULLEN,

RAY MULLEN, AND J.D.TURNER, Appellees






On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 2001-50728






MEMORANDUM OPINION

 The trial court in this case signed a "Final Judgment" on December 30, 2005. 
The judgment recited, "[T]he parties . . . announced to the Court that all causes of
action herein have been disposed either voluntarily, or by Motion for Summary
Judgment, as follows." The judgment then listed 12 orders signed by the trial court. 
Each of the first 11 orders disposed of claims by and against various parties to this
lawsuit. The twelfth order stated, 

 On December 10, 2004, the Court signed an Order severing Intervenor,
Hassan Mousavi's Intervention against Plaintiffs from this cause of
action and creating cause no. 2001-50728A for said Intervention. 


Appellants filed a notice of appeal on January 30, 2006. (1) 

 On February 14, 2007, this Court issued an order advising appellants that it
appeared that this Court did not have jurisdiction over their appeal and ordering
appellants to respond by explaining what parties or issues remained in the trial court
after the December 10, 2004 order of severance. Appellants' response to that order
stated the procedural history of the case and the remaining issues on appeal. They
did not claim that any parties or issues remained in the trial court after the December
10, 2004 severance of the intervenor's action against the plaintiffs. Our review of the
record on appeal has not revealed any parties or issues remaining in this case after the
severance. 

 When some parties and claims in a lawsuit are disposed of in interlocutory
orders and all remaining parties and claims are severed, the severance renders the
interlocutory orders final and starts the appellate time table. See Howell v. Hilton
Hotels Corp., 84 S.W.3d 708, 711 (Tex. App.--Houston [1st Dist.] 2002, pet. denied)
(noting that severance of remaining claims rendered summary judgment final for
purposes of appeal). A judgment that actually disposes of all claims and parties is
final for purposes of appeal regardless of whether it has language indicating finality. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192 (Tex. 2001). 

 In this case, the "Final Judgment" recited that the parties announced that all
causes of action had been disposed of through a series of interlocutory orders. Thus,
all claims and parties had been disposed of by December 10, 2004, and the
interlocutory orders then became final for purposes of appeal. Appellant's notice of
appeal was due within 30 days after the order of severance was signed-- on or before
January 10, 2005. (2) See Tex. R. App. P. 26.1. The trial court's plenary power expired
on January 10, 2005, and the trial court had no jurisdiction to sign a "Final Judgment"
on December 30, 2005. See Tex. R. Civ. R. 329b(d) ("The trial court . . . has plenary
power to grant a new trial or to vacate, modify, correct, or reform the judgment within
thirty days after the judgment is signed."). Therefore, the notice of appeal filed on
January 30, 2006 was untimely. Because no timely notice of appeal was filed, this
Court must dismiss this appeal for want of jurisdiction. See Wilkins v. Methodist
Health Care Sys., 160 S.W.3d 559, 564 (Tex. 2005) (dismissing appeal for want of
jurisdiction because notice of appeal was untimely). 

 Accordingly, we dismiss this appeal for want of jurisdiction. 


PER CURIAM



Panel consists of Justices Nuchia, Hanks, and Bland. 
1. January 29, 2006, the 30th day after the "Final Judgment" was signed, was a
Sunday. Therefore, any time period ending on that date ran until January 30. Tex. R. App.
P. 4.1. 
2. Because January 9, 2005, the 30th day after the order of severance was signed, was
a Sunday, the notice of appeal was due to be filed by January 10. Tex. R. Civ. P. 4.